Philip B. SPRINGER, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 90–3193.

United States Court of Appeals, Federal Circuit.

Aug. 6, 1990.

Rehearing Denied Sept. 21, 1990.

---

Philip B. Springer, Silver Spring, Md., submitted pro se.

Alan E. Kleinburd, Dept. of Justice, Washington, D.C., submitted for respondent.

Before NIES, Chief Judge, and ARCHER and CLEVENGER, Circuit Judges.

NIES, Chief Judge.

Philip B. Springer seeks review of the final decision of the Merit Systems Protection Board, Docket No. DC08468910266, January 16, 1990, affirming the decision of the Office of Personnel Management which denied Mr. Springer's request to rescind his transfer into the Federal Employees Retirement System (FERS) from the Civil Service Retirement System. 43 M.S.P.R. 155. We affirm.

The pertinent portion of the Federal Employees' Retirement System Act of 1986 with which we are concerned states:

**SEC. 301. ELECTIONS.**

(c) EFFECTIVE DATE; IRREVOCABILITY.—An election made under this section—

(1) shall take effect beginning with the first pay period beginning after the date of the election; and

(2) shall be irrevocable.

Pub.L. No. 99–335, § 301(c), 100 Stat. 514, 600 (1986) (5 U.S.C. § 8331 note (1988)).

On December 30, 1987, Mr. Springer submitted a signed "Election of Coverage" form (OPM Form 1555) on which he clearly indicated his election of FERS coverage. He effected that election by placing his initials in a box next to text stating in pertinent part: "I elect FERS coverage.... I understand that this decision is irrevocable." Thereafter, in July 1988, Mr. Springer began a pursuit to rescind his election when he came to realize that the effect of his election under FERS (according to Mr. Springer) was to reduce his retirement benefits and the survivor benefits to his wife. Mr. Springer has been denied the rescission he seeks by OPM, and we must agree with the administrative judge (AJ) that the OPM was correct in doing so.

Each of Mr. Springer's arguments is addressed in the AJ's well reasoned opinion of July 12, 1989 which became the board's final decision. We agree with that analysis except in one respect. The AJ indicated that a possible circumstance for invalidating an otherwise irrevocable election would be if the election were based on erroneous information supplied by the government. However, the AJ held, *as a matter of fact*, that no misinformation was given to Mr. Springer.

In essence, Mr. Springer's argument revolving around the alleged misinformation from the government is that the government should be estopped to deny the revocation of his election to receive FERS benefits. A very recent decision of the Supreme Court has been handed down which is dispositive of this issue. In *Office of Personnel Management v. Charles Richmond,* —— U.S. ——, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990) the Supreme Court rejected a similar argument of estoppel by reason of a claimant's reliance on misinformation received from an agency, stating:

[W]e cannot accept the suggestion ... that the terms of a statute should be ignored based on the facts of individual cases. Here the relevant statute by its terms excludes respondent's claim, and his remedy must lie with Congress.

*Id.* 110 S.Ct. at 2475–76. By the same token, Mr. Springer's assertion of estoppel must be rejected *as a matter of law.* Here, the statute specifically precludes revocation of the election he made and cannot be "ignored based on the facts of individual cases." Accordingly, we adopt the opinion of the AJ except as herein modified.

AFFIRMED.

## APPENDIX

### UNITED STATES OF AMERICA

### MERIT SYSTEMS PROTECTION BOARD

### WASHINGTON REGIONAL OFFICE

Philip B. Springer, Appellant,

v.

Office of Personnel Management, Agency.

Docket Number DC08468910266

Date: Jul 12 1989

Philip B. Springer, Silver Spring, Maryland, pro se.

Bruce Hughes, Washington, D.C., for the agency.

### Before

Catherine R. Gibson

Administrative Judge

### INITIAL DECISION

The appellant filed a petition for appeal from a reconsideration decision of the Office of Personnel Management (OPM) denying appellant's request to rescind his transfer to the Federal Employees Retirement System (FERS). The Board has jurisdiction over an appeal from an OPM reconsideration decision. 5 U.S.C. §§ 7701 and 8461(e)(1); 5 C.F.R. § 846.205. For the following reasons, OPM's reconsideration decision is AFFIRMED.

### BACKGROUND

On December 30, 1987, the appellant submitted a completed OPM Form 1555, clearly stating his intent to transfer to FERS. Appellant was aware at the time that this decision was irrevocable. In 1988, appellant requested rescission of this election because he came to realize that it will reduce his retirement benefits as well as survivor benefits provided to his wife. OPM denied the rescission and affirmed its denial in a reconsideration decision of March 2, 1989.

On appeal, the appellant alleged that because of the confusion existing during the last weeks of 1987 just prior to the cutoff date for election of FERS, he made his decision in haste and to his detriment. He further alleges that he was misled by worksheets provided in the FERS handbook which caused him to exaggerate the benefits he could receive by enrolling in FERS.

### ANALYSIS AND FINDINGS

The Federal Employee's Retirement System Act of 1986 (Public Law 99–335), June 6, 1986, as amended, and OPM regulations issued pursuant thereto provide that an election of FERS coverage is irrevocable. 5 C.F.R. § 846.201(f). The appellant must establish by preponderant evidence that he is entitled to change his election of FERS coverage. *See Kolbe v. Office of Personnel Management*, 32 M.S.P.R. 626, 629 (1987); *Prestien v. Office of Personnel Management*, 8 MSPB 345, 8 M.S.P.R. 698, 704–5 (1981).

There are certain circumstances where an otherwise irrevocable election might be invalid. For example, if it was based upon misinformation, a lack of information, or he did not understand the choice between two alternatives, and his decision was not freely made. *See Covington v. Department of Health and Human Services*, 750 F.2d 937, 943 (Fed.Cir.1984); and *Scharf v. Department of the Air Force*, 710 F.2d 1572, 1574 (Fed.Cir.1983). A decision on such

matters must be made on the facts involved in the individual case.

It is undisputed that appellant availed himself of all of the information obtainable at the time, and delayed his choice until the very end of the open season. It is also undisputed that no one had knowledge that Congress would provide for a second chance for those persons who were unable, for causes beyond their control, to elect FERS coverage within the prescribed time limit. Congress did not choose, however, to allow an opportunity for those who joined FERS to rescind their election.

Appellant has submitted an affidavit from Carole S. Andrews, a Personnel Staffing Specialist, with the Social Security Administration, appellant's employer, that she gave appellant at least 3 different benefit analysis computer printouts and discussed ways of interpreting the data on December 29, 1987. She states that she routinely pointed out advantages and disadvantages of FERS and the Civil Service Retirement System (CSRS) comparing each system to the individual's personal circumstances as they were presented to her. She also advised that if the employee missed the deadline, there might never be another opportunity to switch to FERS. Appellant alleged that Ms. Andrews said: "It looks like you'll do better under FERS."

All of this information was true at the time. Congress delayed in making certain decisions regarding FERS, and many people felt there was insufficient information to make a choice. Thus, many of them did delay and opted to stay in the CSRS. Thousands of federal employees were in the same situation. There is no doubt that OPM was trying to sell the FERS system to the employees. No federal employee hired since 1984 even had an opportunity to enroll in the CSRS. The law was clear in its intent that FERS was to supplant CSRS as the only government retirement system and was to be connected to Social Security.

The option to change to FERS was offered to all CSRS employees and an extremely thick volume of explanation, the FERS Handbook, was available to all employees. Non-timely receipt of this handbook is one of the reasons Congress opted for a second opportunity to enroll in FERS for persons who could show that they did not have the benefit of this document. This information did not purport to provide an analysis for each individual employee, but only give examples of situations which might be applicable.

There is no evidence that OPM misled any employee or offered incorrect information. Each employee was free to decide for himself. Appellant has shown that based on a private interpretation of his FERS choice procured some months later, he believes he would have been better off to stay in the CSRS. He has not, however, shown that his election was based on misinformation or a lack of information, but only that his interpretation of the information provided did not, in the end, achieve the result he contemplated. The appellant cites *Frantz v. Office of Personnel Management*, 778 F.2d 783, 786 (1985) to support his claim that he was given wrong information by OPM and was thus denied the opportunity to make an informed choice. Appellant has failed, however, to show that the information given by OPM is incorrect, per se. On page 93 of the FERS Handbook, a statement is made that the purpose of the worksheets is to "help you decide between FERS and CSRS. They are not intended to produce the exact amount of your benefits." The appellant admits that although he did not believe he was fully informed, he "took a chance." At all times, he had the right and the opportunity to remain in CSRS. Therefore, he has failed to support his burden to prove his choice of FERS was not freely made.

## DECISION

The agency's action is AFFIRMED.

FOR THE BOARD:

/s/ Catherine R. Gibson

Catherine R. Gibson

Administrative Judge