**Simeon G. LOZANO, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–151.**

United States Court of Veterans Appeals.

Submitted Sept. 19, 1990.

Decided March 21, 1991.

Simeon G. Lozano, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and John D. Lindsay, Jr., Washington, D.C., were on the brief for appellee.

Before NEBEKER, Chief Judge, and MANKIN and IVERS, Associate Judges.

NEBEKER, Chief Judge:

In 1970, appellant Simeon G. Lozano sought disability compensation from the Veterans' Administration, now Department of Veterans Affairs (VA), claiming that his leg injury, hearing loss, and malaria with constant dizziness were service-connected. In March 1971, the VA granted appellant a 10% disability rating for a gunshot wound to his leg. Simultaneously, the VA denied service connection for malaria and hearing loss on the basis that there was no record of treatment or diagnosis for either condition. The record does not indicate whether a copy of the rating decision was mailed to appellant. Appellant's present claim for service connection and estoppel is based on VA Form 21–6782 entitled "Original Disability Compensation" which he states was

the only mailing he received from the VA concerning his 1970 claim. The form contains a typed entry "Deafness, and malaria with constant dizziness" which is listed under the printed item "Your disabilities listed below are service-connected but they are less than 10% disabling and compensation is not payable." This entry should have been typed under the printed entry "The evidence does not establish service-connection for." Thus, the form erroneously indicates that appellant is eligible for non-compensable service connection for 0%–10% disabling hearing loss and malaria with constant dizziness. The VA maintains that this veteran cannot invoke estoppel as the error was clearly contradicted by the actual rating decision.

Appellant took no further action on the hearing loss claim until seventeen years later, in October 1988, when he requested that his hearing loss be rated as compensable. He was informed that the VA Form 21–6782 relied upon was erroneous. Appellant's claim for hearing loss was reviewed again. In its rating decision of January 30, 1989, the Regional Office determined that, in the absence of service records indicating diagnosis or treatment, service connection for hearing loss was denied. An appeal to the Board of Veterans' Appeals (Board) followed. Appellant states he was unable to pursue an appeal in 1971 because he was unaware of the adverse rating decision.

Making allowance for this presumed procedural defect, the Board considered his hearing loss claim on a *de novo* basis but denied service connection. The Board noted that the veteran did not indicate any problems with hearing or malaria in his discharge affidavit in 1946 and that there is no indication of complaints about hearing loss until 1970, nearly twenty-five years after discharge from active duty.

■ Appellant assigns as error the failure of the VA to perfect an administrative appeal of the clerical error awarding him a service-connected rating. 38 C.F.R. §§ 19.-138–19.139 (1990) describe a process whereby the VA may resolve conflicts of opinion or questions of claims regarding benefits. Appellant argues that the VA had a manda-

tory duty to file an administrative appeal of the 1971 rating decision if the agency wished to contest it. Appellant's reliance is misplaced as these regulations simply permit the VA to clarify internal disagreements or concerns regarding decisions. In appellant's case, the rating decision was not in question and the VA had no duty to file an administrative appeal.

Appellant also relies on the principle of equitable estoppel to protect the asserted service connection for his hearing loss. He contends that service connection, once granted, cannot be withdrawn absent clear and unmistakable error. This Court has previously considered cases based on such error or estoppel. In *Bentley v. Derwinski*, 1 Vet.App. 28 (1990), *appeal dismissed for failure to prosecute*, No. 91–7020 (Fed. Cir. Feb. 22, 1991), a veteran appealed an award of a 40% disability rating rather than the 60% rating mandated by the applicable diagnostic code denoting cardiac involvement. The Board conceded error in the 1960 rating but attempted to justify it on the basis of a VA medical examination given a month after the rating decision. The VA contended that use of the phrase "with cardiac involvement" was a clerical error, but this was contradicted by the VA record which indicated that the Director of the Compensation and Pension Service had directed the use of the phrase after reviewing the veteran's medical records. The Court reversed and remanded with directions to award a 60% rating for the veteran's disability effective February 24, 1960. Unlike *Bentley*, where the medical records were deemed by the Director to support cardiac involvement, here there was insufficient evidence in the record at the time of the rating decision to warrant service connection even at 0%. The only evidence submitted by the veteran in 1971, other than his own statement, was the report of a doctor who treated him twenty-five years after separation from service. Moreover, the administrative error in *Bentley* was in the rating decision and not the confirmation sent to the veteran; here the admitted error was not in the decision but in the communication of that decision.

Therefore, *Bentley* does not serve as support for appellant's decision.

In *Fugere v. Derwinski*, 1 Vet.App. 103 (1990), this Court recognized that "[t]he days when benefits or entitlements were considered to be mere privileges are long past. It is now well recognized that 'the interest of an individual in continued receipt of [Social Security disability] benefits is a statutorily created "property" interest protected by the Fifth Amendment.'" *Fugere*, at 108 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 322, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976)). This rationale underlies 38 C.F.R. § 3.957(1990), which protects grants of service connection once they have been in effect over ten years and specifies that "[t]he 10–year period will be computed from the effective date of the Department of Veterans Affairs finding of service connection to the effective date of the rating decision severing service connection...."

 The VA has never made a finding of service connection upon which appellant may rely. Therefore, no property interest in benefits has vested in appellant. A clerical error cannot be relied upon to invoke an estoppel against the United States for money payments. The Supreme Court held in *Office of Personnel Management v. Richmond*, — U.S. —, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990), that payments of money from the Federal Treasury are limited to those authorized by statute, and erroneous advice given by a Government employee to a benefit claimant cannot estop the Government from denying benefits not otherwise permitted by law. While the Supreme Court expressly refused to enter a blanket rule that equitable estoppel will never lie against the Government, it is also true that the Supreme Court has yet to find that the doctrine of equitable estoppel applied against the Government in a single case. "In sum, courts of appeals have taken our statements as an invitation to search for an appropriate case in which to apply estoppel against the Government, yet we have re-

versed every finding of estoppel that we have reviewed." *Fugere*, at 106 (quoting *Richmond*, 110 S.Ct. at 2470).

However, a no-estoppel rule does not eliminate the reality of confusion that was conveyed by VA Form 21–6782 in this case. We, therefore, observe that an inconsistent statement on this or a similar form cannot contradict the rating decision. In the future, inclusion on such a form of a statement that the rating decision governs over the form entry might help to eliminate confusion similar to that claimed by the veteran in this case. We leave for another day the question whether an estoppel claim against the Secretary could succeed in other circumstances. We hold that the Board did not err in concluding that service connection does not exist for appellant's hearing loss.

Accordingly, the decision of the Board is AFFIRMED.