John L. THOMPSON, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1314.

United States Court of Veterans Appeals.

Submitted July 1, 1991.

Decided Dec. 11, 1991.

John L. Thompson, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and John D. McNamee, Washington, D.C., were on the pleadings for appellee.

Before MANKIN, Associate Judge.

## MEMORANDUM DECISION

MANKIN, Associate Judge.

Appellant seeks review of a June 18, 1990, Board of Veterans' Appeals (BVA) decision which denied entitlement to non-service-connected pension benefits on the grounds that he had not met the service requirements imposed by 38 U.S.C. § 1521(j) (formerly § 521(j)). The Court has jurisdiction of the case pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)).

John L. Thompson entered the United States Army on May 17, 1944, and was honorably discharged on August 5, 1944. Prelim.R. at 20. He served during a recognized period of war for fewer than ninety days. *See* 38 C.F.R. § 3.2 (1991).

Appellant's claim that he is entitled to a non-service-connected pension under 38 U.S.C. § 1521 is subject to the service requirements imposed by subsection (j). Because appellant was discharged before he had served ninety days, it is patently clear that he may not claim eligibility under 38 U.S.C. § 1521(j)(1), (3), or (4). He could, however, claim eligibility under subsection (j)(2) if he could show that he "was discharged or released from [wartime] service for a service-connected disability."

The record does not indicate that Thompson's discharge was the result of any service-connected disability. In his substantive appeal to the BVA, Thompson contended that he was given an early discharge along with approximately 75 to 100 other soldiers. Prelim.R. at 22. He stated that an officer announced to him and the other members of the group that because of a "surplus of men," they "had been selected to go home early" and that they would be eligible for veterans benefits on the same terms as if they had served a full enlistment. *Id.* He relies on this alleged statement to support his argument that the BVA's decision denying him eligibility for benefits is both unfair and legally wrong.

It appears to the Court that the appellant is, in essence, arguing that the government is estopped from denying his claim on the basis of his abbreviated term of service, because he accepted his early discharge in reliance on the statement of a military officer acting in the government's behalf. Assuming that appellant did in fact rely on such a statement, his argument is without legal support.

In *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947), the Supreme Court upheld the denial of insurance benefits to a farmer who had relied on the erroneous representations of a Federal Crop Insurance agent as to the permissible extent of insurance coverage, stating:

> Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority.

*Id.* at 384, 68 S.Ct. at 3. *See also Allstate Ins. Co. v. Adana Mortgage Bankers, Inc.*, 725 F.2d 1324 (11th Cir.1984) (Veterans' Administration (VA) home mortgage lender was not entitled to rely on unauthorized statements by VA employee); *C.P. Squire Contractors, Inc. v. United States*, 716 F.2d 865, 873 (Fed.Cir.1983) (contract dispute) ("if an agent of the government acts outside the scope of the authority delegated to him his acts do not create any liability on the government"); *Lavin v. Marsh*, 644

F.2d 1378 (9th Cir.1981) (upholding denial of military pension benefits to reservist who had relied on recruiters' representations concerning his eligibility, but was later subjected to mandatory removal from service before eligibility could be established).

In *Office of Personnel Management v. Richmond*, — U.S. ——, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990), the Supreme Court again addressed "the question whether erroneous ... advice given by a Government employee to a benefit claimant may give rise to estoppel against the Government, and so entitle the claimant to a monetary payment not otherwise permitted by law." *Id.*, 110 S.Ct. at 2467. The Court held that such a result is impermissible under Art. I, § 9, cl. 7 of the Constitution, which provides that: "No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law." *Id.* at 2471. *See also Springer v. Office of Personnel Management*, 911 F.2d 675, 677 (Fed.Cir. 1990) (appellant's claim of estoppel must be rejected as a matter of law); *Lozano v. Derwinski*, 1 Vet.App. 184, 186 (1991) (clerical error provides insufficient basis to estop Department of Veterans Affairs from denying service connection for veteran's disabilities).

After consideration of the pleadings and review of the record, it is the holding of the Court that appellant has not demonstrated that the BVA committed either legal or factual error which would warrant reversal or remand. The Court is also satisfied that the BVA opinion satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)). *See Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). Summary disposition is appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990).

The Secretary's Motion is GRANTED and the decision of the BVA is summarily AFFIRMED.