104 F.3d 376
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Mary Louise MARTINEZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3287.
 United States Court of Appeals, Federal Circuit.
 Dec. 9, 1996.
 
 Before LOURIE, CLEVENGER, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Mary Louise Martinez petitions for review of the May 30, 1996 final decision of the Merit Systems Protection Board, Docket No. SF0846950820I-1, sustaining the denial of her request to transfer her retirement plan from the Federal Employees Retirement System (FERS) back to the Civil Service Retirement System (CSRS). Because the board did not err in sustaining the denial of her request to change retirement plans, we affirm.
 
 DISCUSSION
 
 2
 Martinez was employed in the federal service and initially elected coverage under CSRS. During an "open season," eligible employees were permitted to change retirement plans. Martinez transferred to the FERS, acknowledging in writing that her decision to transfer was irrevocable. She subsequently requested that she be allowed to retroactively transfer back to the CSRS. The Office of Personnel Management denied her request, and she appealed to the board.
 
 
 3
 In an initial decision, an administrative judge (AJ) found that a reasonable person in Martinez's circumstances would have had sufficient information to make an informed decision concerning whether to transfer to the FERS retirement plan. In particular, the AJ found that Martinez failed to show that she had not been given a copy of the FERS Transfer Handbook, failed to produce any evidence that she was mentally incompetent at the time she made the decision, and had been advised that her election was irrevocable. Accordingly, the AJ sustained the denial of her request to transfer retirement plans. The AJ's initial decision became the final decision when the board denied Martinez's petition for review. See 5 C.F.R. § 1201.113(b) (1996).
 
 
 4
 We may reverse a decision of the board only if it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 5
 On appeal, Martinez argues that management personnel treated her "with neglect," and that the board erred by failing to take that into consideration. She also alleges that the board erred by not investigating what she characterizes as the "attitude" of the applicable personnel concerning transferring employees from the CSRS to the FERS. The government responds that Martinez acknowledged that her decision was irrevocable and that it cannot be revoked even if it had been based upon misinformation given to her by the government.
 
 
 6
 We agree with the government that Martinez may not now transfer her retirement plan from the FERS to the CSRS. She acknowledged that her transfer was irrevocable, and she is statutorily barred from changing her election. See Springer v. Office of Personnel Management, 911 F.2d 675, 676-77 (Fed.Cir.1990). The particular facts that she alleges concerning her reliance upon misinformation cannot change the irrevocability of her election. Id. (citing Office of Personnel Management v. Richmond, 496 U.S. 414, 432 (1990)). Accordingly, the board did not err in sustaining the denial of Martinez's request to transfer.