Hazel C. HILL, Appellant,

v.

Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.

No. 89–91.

United States Court of Veterans Appeals.

Submitted Dec. 12, 1990.

Decided May 24, 1991.

———

Hazel C. Hill, pro se.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and R. Randall Campbell, Washington, D.C., were on the brief, for appellee.

Before FARLEY, MANKIN, and IVERS, Associate Judges.

## MEMORANDUM DECISION

MANKIN, Associate Judge:

Hazel Hill here appeals an October 5, 1989, Board of Veterans' Appeals (BVA) decision which denied as untimely her application for benefits under the Restored Entitlement Program for Survivors (REPS), Pub.L. No. 97–377, Title I, § 156, 96 Stat. 1920 (1982) (codified as 42 U.S.C. § 402 note (1988), [benefits]). The Court has jurisdiction to hear this appeal pursuant to 38 U.S.C. § 4052(a) (1988).

 Appellant complains on appeal that she was not provided with notice of eligibility for REPS benefits. The Secretary published regulations implementing the REPS program in the Federal Register. *See* 49 Fed.Reg. 21708–10 (1984). Such publication is sufficient notification to appellant. *See Lyng v. Payne*, 476 U.S. 926, 942–43, 106 S.Ct. 2333, 2343–44, 90 L.Ed.2d 921 (1986) (citing 44 U.S.C. § 1507). While the Department of Veterans Affairs (VA) has, at the direction of Congress, endeavored to provide certain veterans and their dependents with more effective notice of their eligibility for benefits, *see* 38 U.S.C. §§ 240–42 (1988), we do not read those sections as imposing a duty to provide appellant, on the facts presented to us, with personal notice of her eligibility for benefits. *See Younger v. Turnage*, 677 F.Supp. 16, 22 (D.D.C.1988).

After consideration of the supporting memoranda and review of the record, it is the holding of the Court that appellant has not demonstrated that the BVA committed either legal or factual error which would warrant reversal or remand. The Court is also satisfied that the BVA opinion satisfies the "reasons or bases" requirements of 38 U.S.C. § 4004(d)(1) (1988), and the benefit of the doubt doctrine of 38 U.S.C. § 3007(b) (1988). *See Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). Summary disposition is appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990).

The decision of the BVA is summarily AFFIRMED.