**Eleanor E. WELLS, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 90–1449.**

United States Court of Veterans Appeals.

Argued June 15, 1992.

Decided Oct. 6, 1992.

As Amended Oct. 27, 1992.

Joseph A. Violante, for appellant.

Rosalind E. Masciola, with whom James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel and Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, were on the pleadings, for appellee.

Before KRAMER, FARLEY and STEINBERG, Associate Judges.

KRAMER, Associate Judge:

Appellant seeks reversal of an August 17, 1990, decision of the Board of Veterans' Appeals (BVA) denying her entitlement to an effective date earlier than May 1, 1988, for the payment of Dependency and Indemnity Compensation (DIC) based on 0–4 grade. Because we can find nothing in the governing laws and their legislative histories that would entitle appellant to an earlier effective date, we affirm.

## I. BACKGROUND

In 1962, Congress provided for retroactive date of award for DIC benefits by enacting 38 U.S.C. § 3010 (redesignated 38 U.S.C. § 5110), titled Effective Dates of Awards, Pub.L. No. 87–825, § 1, 76 Stat. 948, 948–49. Section 5110(g) states:

Subject to the provisions of section 3001 [now section 5101] of this title, where compensation, dependency and indemnity compensation or pension is awarded or increased pursuant to any Act or administrative issue, the effective date of such award or increase shall be fixed in accordance with the facts found but shall not be earlier than the effective date of the Act or administrative issue. *In no event shall such award or increase be retroactive for more than one year from the*

*date of application therefor or the date of administrative determination of entitlement, whichever is earlier.*

(Emphasis added.) Title 38 U.S.C. § 5101(a) (formerly § 3001(a)), in turn, provides in relevant part:

*A specific claim* in the form prescribed by the Secretary ... *must be filed* in order for benefits to be paid or furnished to any individual....

(Emphasis added.)

The legislative history surrounding section 5110(g) is found in the identical following language in the Senate and House Committee reports that accompanied H.R. 7600, 87th Cong., 2d Sess. (1962):

A uniform rule would be provided, for the first time, governing the effective dates of liberalizing laws or administrative issue that are enacted or promulgated in the future. *This provision would, in many cases, obviate the necessity of a potential beneficiary filing a specific claim for the new benefit and would instead permit the Veterans' Administration, where feasible, to identify such beneficiaries and apply the provision of the liberalized law and administrative issue on its own initiative.* The provision would permit a retroactive period of payment of not more than 1 year, but in no event prior to the effective date of the law or issue.

H.R.Rep. No. 2123, 87th Cong., 2d Sess., at 2, *reprinted in* 1962 U.S.Code Cong. & Admin.News 3260, 3261; S.Rep. No. 2042, 87th Cong., 2d Sess., at 2 (emphasis added). A separate explanatory statement prepared by the Veterans' Administration (now Department of Veterans Affairs (VA)), and printed in both Committee reports as "a detailed explanation of the provisions of the bill," stated in relevant part:

[Subparagraph (g)] ... will provide a uniform rule governing effective dates where liberalizing laws or administrative issue are enacted or promulgated. Current law provides no such general effective date. Rather, each law or administrative issue contains its own effective date. If one is not otherwise provided, the date of enactment of a law is regard-

ed as the effective date. *Current administrative practices in such cases usually requires* [sic] *the filing of a specific application for the new benefit. Claimants who have no knowledge of the benefits or are not identified by the Veterans' Administration (where review is made) may be penalized by not filing promptly. This section would permit the Veterans' Administration to identify and apply the provisions of the liberalized law or administrative issue on their own initiative where feasible; or, where it is not feasible to identify potential beneficiaries administratively, to require the filing of an application.*

H.R.Rep. No. 2123, 87th Cong., 2d Sess., at 2, 6; S.Rep. No. 2042, 87th Cong., 2d Sess., at 2, 6, *reprinted in* 1962 U.S.Code Cong. & Admin.News 3260, 3261 (emphasis added).

On September 2, 1965, appellant applied for DIC benefits. R. at 5–8. On January 21, 1966, the VA Regional Office (RO) awarded appellant DIC benefits based upon her deceased spouse's rank of chief warrant officer (W–2). R. at 13.

In October 1966, shortly after appellant was awarded DIC, the law governing DIC was amended in such a way that under it, appellant would be entitled to a higher DIC benefit, based on her spouse's highest rank in service, that of major. *See* Pub.L. No. 89–622; 38 U.S.C. § 402(d) (now § 1302(d)). R. at 1. The VA did not notify appellant of her entitlement to this increase.

In April 1989, appellant, through her representative, filed a statement in support of claim, seeking an increase in her DIC benefits, based on the rank of major, to be made effective to October 4, 1966 (the effective date of Pub.L. No. 89–622). R. at 14. On October 16, 1989, the VARO awarded appellant an increase in her DIC benefits, effective one year prior to the date of application. R. at 19–20. Appellant, contesting the effective date of the award, filed a Notice of Disagreement, stating in relevant part:

38 C.F.R. § 3.114 [essentially the same as 38 U.S.C. § 5110(g)] notwithstanding,

VA failed to provide due process to the widow by failing to notify her of the change in the law or review her claim in the light of the new law effecting benefits based on military pay grade. There is ample precedent for such notification. VA routinely notifies claimants of legislative changes affecting the rate of their benefits.

R. at 21. She then appealed to the BVA. In affirming the VARO's determination of effective date, the BVA stated in relevant part:

While it has been asserted that the appellant was not required to file a claim ..., the provisions of 38 U.S.C. § [5110(g)] and 38 C.F.R. § 3.114(a) regarding liberalizing legislation, are subject to 38 U.S.C. § [5101] requiring that a specific claim be filed. In the final analysis, it is the responsibility of the appellant to learn the existence of certain benefit programs and to initiate action for their receipt. While the appellant's disappointment in not receiving the increased benefit earlier is appreciated, according to the applicable law and regulation, she is only entitled to the additional benefit for a period of one year prior to the date of receipt of her request for the additional benefits.

*Eleanor E. Wells,* BVA 90–28327, at 6 (Aug. 17, 1990). Appellant subsequently appealed to this Court.

## II. ANALYSIS

The issue presented by this case is, in essence, whether appellant is entitled to an earlier effective date of award because the Secretary of Veterans Affairs (Secretary) erroneously failed to award appellant an increase in DIC in 1966, notwithstanding appellant's not filing an application at the time.

As indicated above, § 5110(g) incorporates § 5101(a) which requires the filing of an application. *Supra,* at 307–08. Moreover, section 5110(g), itself, clearly states, as relevant here, that "[i]n no event shall [an] increase be retroactive for more than one year from the date of application...." Thus, these statutory provisions on their faces clearly establish that an application must be filed. *See Ardestani v. I.N.S.,* — U.S. —, — - —, 112 S.Ct. 515, 519–20, 116 L.Ed.2d 496 (1991); *Jones v. Derwinski,* 2 Vet.App. 231, 232–34 (1992) (absent clearly expressed contrary intent, statutory terms are to be interpreted according to their ordinary meaning).

Even assuming that the statute was ambiguous, which it is not, the legislative history, itself, is, at best, ambiguous on whether a duty is to be imposed on the Secretary to seek out potential beneficiaries of a new law or administrative issuance affecting DIC. The House and Senate Committee reports talk both in terms of obviating the necessity of filing a new claim and *permitting* the Secretary to search out and identify potential beneficiaries. *Supra,* at 307–08. The explanatory statement accompanying the House Committee report speaks in terms of permissive action where feasible *and* requiring the filing of an application where not feasible. *Supra,* at 307–08. Consequently, there is no clear indication that the statute was enacted with an intent to impose such a duty on the Secretary, and the Court cannot, otherwise, create such a duty. *Cf. Chevron, U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984).

The Court notes, in passing, that 38 U.S.C. § 240 (redesignated as § 7722) was not enacted until 1970, well after the date in 1966 that appellant was entitled to apply for an increase (effective date of Pub.L. No. 89–622). This section, in general, imposed certain new outreach responsibilities on the Secretary. However, because these responsibilities (whatever they may entail where applicable) arose after the effective date of Pub.L. No. 89–622, they are not for consideration here.

## III. CONCLUSION

For the reasons set forth above, the motion of the Secretary is granted and the

decision of the Board of Veterans' Appeals is AFFIRMED.

*It is so Ordered.*