James L. CRAWFORD, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–1794.

United States Court of Veterans Appeals.

April 22, 1993.

James L. Crawford, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Stephen A. Bergquist, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and MANKIN, Associate Judges.

MANKIN, Associate Judge:

James L. Crawford appeals the June 17, 1991, Board of Veterans' Appeals (BVA or Board) decision which denied entitlement to an increased rating for schizo-affective disorder, depressive type, currently rated as 30% disabling, and entitlement to an effective date earlier than July 7, 1989, for the grant of service connection for this disorder. The Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991).

## I. Background

The veteran served in the United States Marine Corps from November 1961 to April 1966. His service medical records contain no reference to any psychiatric problems. A Veterans' Administration (now Department of Veterans Affairs) (VA) medical report, dated in July 1966, indicated possible anxiety reaction. The veteran submitted a Request for Administrative and Adjudicative Action in which he requested treatment authorization for possible anxiety reaction. An Exchange of Beneficiary Information, received by the VA in December 1966, noted that the veteran had been hospitalized for paranoid-type schizophrenia, but the form also indicated that there was no claim pending for a service-connected condition. The VA Regional Office (RO) rating decision, in response to the veteran's claim for outpatient treatment for anxiety reaction, denied service connection for this disorder. The veteran's August 1968 application for outpatient treatment was also denied.

In March 1976, the veteran filed a claim for service connection for a psychiatric disorder. He was hospitalized at Brentwood VA Hospital from March 17, 1976, to April 21, 1976, for chronic schizophrenia, paranoid type. The VA attempted to obtain the veteran's 1966 VA hospital records, but was unsuccessful because an incorrect social security number had been provided. The August 1976 rating decision denied service connection for a nervous condition because there was no evidence of any nervous condition in service or of any psychosis within one year after discharge from service.

The veteran submitted additional evidence including a 1979 medical record which indicated a diagnosis of schizophrenia, paranoid type, aggravated by situational stress, cocaine, hallucinogens, and amphetamine abuse; and a 1980 VA medical evaluation which noted diagnoses of "psychophysiological gastric symptoms completely ameliorated by treatment for schizophrenia," and "by history, anxiety reaction, schizophrenia, paranoid type, under treatment, Brentwood Hospital at this time." The VARO issued a rating decision dated November 13, 1980, amending the 1976 rating decision to grant a 30% non-service-connected rating for schizophrenia, paranoid, and for anxiety neurosis. This rating decision denied service connection for a

.psychiatric disorder, as did the August 1985 RO decision.

The veteran reopened his claim in July 1989 and submitted a letter dated in December 1966 which had been sent from the VA Brentwood Hospital to the veteran's mother regarding his admission to a VA hospital. He also submitted a VA medical report regarding his hospitalization from December 1966 to April 1967 for "schizophrenic reaction, acute, undifferentiated." A VA medical examination performed in 1990, without the benefit of the veteran's past medical records, indicated a diagnosis of schizo-affective disorder with prominent depressive symptoms concurrent with his psychotic symptoms. The examining physician noted:

His illness does appear to date back to his time in service and may have been responsible for his discharge. At the present time his psychotic symptoms appear to be under fair control while he is on medication but it is probable that his impairment in occupational and social functioning as a result of his mental illness, which manifests in fearfulness and anxiety in relating to others, will most likely continue indefinitely and continue to impair this patient[']s functioning.

On June 29, 1990, the RO awarded service connection for schizo-affective disorder, rated as 30% disabling, effective from July 7, 1989, the date the veteran's reopened claim was filed.

The veteran filed a Notice of Disagreement with the rating decision and claimed he was entitled to a higher rating and an earlier effective date. On June 17, 1991, the BVA denied entitlement to an effective date earlier than July 7, 1989, for the grant of service connection for schizo-affective disorder, and denied an increased rating for this disorder, currently evaluated as 30% disabling.

## II. Earlier Effective Date

Pursuant to 38 U.S.C.A. § 5110(a) (West 1991), the effective date of an award based on an original claim for benefits "shall not be earlier than the date of receipt of application therefor." In addition, 38 U.S.C.A. § 5101(a) (West 1991) provides in relevant part:

A *specific claim* in the form prescribed by the Secretary ... *must be filed* in order for benefits to be paid or furnished to any individual....

(Emphasis added.) Both of these statutes clearly establish that an application must be filed. *See Wells v. Principi*, 3 Vet.App. 307 (1992).

■ The veteran alleges entitlement to an earlier effective date for his schizo-affective disorder based on his July 1966 claim for outpatient treatment, which he contends· is an "informal claim" under 38 C.F.R. §§ 3.155 and 3.157 (1992). Section 3.155(a), of title 38 of the Code of Federal Regulations defines the term "informal claim":

Any communication or action, indicating an intent to apply for ... benefits under the laws administered by the [VA], from a claimant ... may be considered an informal claim. *Such informal claim must identify the benefit sought.*

(Emphasis added.) In its June 17, 1991, decision, the Board found that the appellant's July 1966 claim did not satisfy the requirements for an informal claim because the appellant requested outpatient treatment, and not compensation benefits. *James L. Crawford*, BVA 91–31425, at 4. (June 17, 1991).

An analysis of 38 C.F.R. § 3.157 indicates that this regulation does not benefit the veteran in his claim. Under § 3.157(a), a report of examination or hospitalization may be accepted as an informal claim for benefits if it meets the requirements of § 3.157(b). 38 C.F.R. § 3.157(b) provides:

Once a formal claim for pension or compensation has been allowed or a formal claim for compensation disallowed for the reason that the service-connected disability is not compensable in degree, receipt of [evidence listed under (b)(1), (2), or (3) ] will be accepted as an informal claim for increased benefits or an informal claim to reopen.

In the instant case *there has not been a prior allowance or disallowance of a for-*

*mal claim for compensation or pension.* Therefore, the veteran's hospitalization report could not be accepted as an informal claim under 38 C.F.R. § 3.157.

■ On the facts presented here, a determination as to the accurate effective date of grant of service connection is a finding of fact. The Court reviews factual findings under the "clearly erroneous" standard of review. 38 U.S.C.A. § 7261(a)(4) (West 1991). In determining whether a finding is clearly erroneous, "this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible basis' in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert v. Derwensky,* 1 Vet.App. 49, 53 (1990). Based on the foregoing analysis, the Court holds that there is a plausible basis in the record for the Board's denial of an earlier effective date for the veteran's disorder.

### III.  Increased Rating

Mr. Crawford also claims entitlement to an increased rating for schizo-affective disorder, currently rated as 30% disabling. In its decision, the Board determined that a 30% rating was adequate pursuant to 38 C.F.R. § 4.132, Diagnostic Code (DC) 9205. According to this regulation, a 30% rating is deemed appropriate where veteran has "definite" impairment of social and industrial adaptability; a 50% rating where impairment is "considerable." 38 C.F.R. § 4.132, DC 9205 (1992).

■ The most recent medical examination shows that the veteran's psychotic symptoms are under fair control with medication, but it is probable that his impairment in occupational and social functioning will most likely continue indefinitely. The record in this case does not provide the Court with adequate evidence by which to review the BVA's determination that the veteran's disability results in "definite" impairment rather than "considerable" impairment. Because the evidence before the BVA was inadequate, a remand of this matter is required for a contemporaneous and thorough psychiatric examination,

which takes into account the records of prior medical treatment, so that the evaluation of the veteran's disability will be a fully informed one. *Wilson v. Derwinski,* 2 Vet.App. 16, 21 (1991); *Green v. Derwinski,* 1 Vet.App. 121, 124 (1991); *Littke v. Derwinski,* 1 Vet.App. 90, 92 (1990).

### IV.  Conclusion

Accordingly, the BVA decision is AFFIRMED as to its denial of entitlement to an earlier effective date for schizo-affective disorder, and VACATED and REMANDED as to its determination that an increased rating for schizo-affective disorder was not warranted. Upon compliance with this decision, the BVA shall readjudicate the veteran's claim and provide a new decision, complete with sufficient reasons or bases for the Board's findings and conclusions. *See* 38 U.S.C.A. § 7104(d)(1) (West 1991); *Gilbert,* 1 Vet.App. 49.