**Lucille F. LYMAN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–9.**

United States Court of Veterans Appeals.

June 7, 1993.

Lucille F. Lyman, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Barbara J. Finsness, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Associate Judges.

IVERS, Associate Judge:

Lucille F. Lyman, widow of the veteran, Bernard D. Weston, appeals from an October 28, 1991, Board of Veterans' Appeals (BVA or Board) decision which denied her claim for an earlier effective date for the payment of dependency and indemnity compensation (DIC) benefits. The Court has jurisdiction of the case under 38 U.S.C.A. § 7252(a) (West 1991). Appellant claims that the BVA should have granted her an effective date back to 1971, the date the provisions of the liberalizing law that reinstated her eligibility for DIC benefits became effective, because the Veterans' Administration (now Department of Veterans Affairs) (VA) did not notify her of the amendment to the law. The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Because the Court finds that the VA had no duty to notify appellant in 1971 of the amendment to the law, we affirm the BVA decision.

**FACTS**

The veteran died while in service in the United States Army in 1943 (R. at 1–2), and appellant was granted pension as the unremarried widow of the veteran. R. at 14. Her young son by the veteran also received pension benefits. R. at 14, 17. Appellant remarried in 1946 and her benefits were stopped (although her son by the veteran continued to receive pension benefits). R. at 15, 16, 20–22. Appellant divorced her second husband, Charles Lyman, in 1961 (R. at 23–28) and he died in 1971. R. at 31.

In 1990, appellant read the following in a magazine article about VA benefits:

It used to be that a veteran's widow who remarried lost all VA benefits perma-

nently, but as of 1971 the law allows a widow who remarried but is single again due to divorce, annulment or the death of a second husband to reapply for benefits based on her first husband's service. R. at 32. In August 1990, appellant applied for a reinstatement of her benefits. R. at 33–35. She was apparently granted benefits which were made effective in 1990, but the rating decision document is not in the record.

In November 1990, she filed a Notice of Disagreement, stating that she disagreed with the effective date of the award which she felt should have been retroactive to 1971 when the liberalizing law was enacted. R. at 36. In January 1991, the VA sent appellant a Statement of the Case which stated that, pursuant to 38 C.F.R. § 3.114(a)(3), the correct effective date was September 1, 1989, one year prior to the date of the receipt of appellant's claim. R. at 40. In February 1991, appellant filed her substantive appeal to the BVA, VA Form 1–9, on which she continued to assert that she was entitled to benefits retroactive to 1971 because the "law was changed without [her] knowledge" and because she was "unaware of this law change that made [her] eligible for reinstatement for benefits." R. at 41.

On March 6, 1991, a hearing was held at a VA regional office (R. at 43–48), at which appellant testified that, had she known in 1971 about the change in the law which made her eligible for a reinstatement of VA benefits, she would have applied for them and receipt of such benefits would have greatly improved her life, including enabling her to retire five years sooner than she did. R. at 45. Specifically, she noted,

> I feel that it's just been very unfair because I was not notified in any way, not privately or by media. I knew nothing about this. And I was working at Safeway for [twenty-one] years, and when I realized that I could have retired five years before … actually I did, because I would have had some income because I have been injured pretty—very badly at Safeway. I had a double spinal fusion, and then I was again injured in [19]76, and so then I went out on [worker's] comp[ensation].
>
> But if I had known about this, I mean, it could have made a tremendous difference in my life. I mean, emotionally, financially, and just, you know, in all aspects. At least I would have had a choice, but I knew absolutely nothing.

R. at 43. By letter dated April 25, 1991, appellant was notified that the hearing officer had denied her claim for an earlier effective date for her benefits. R. at 52.

Appellant requested a hearing before the BVA in Washington, D.C., and that hearing was held on September 6, 1991. R. at 53–55. When appellant was asked whether she felt the VA had a responsibility to tell either her or the public at large of the change in the law, she answered, "Yes, definitely," and added, "I think the public should be aware of this, because I know in my case it could mean a terrific difference in my life. Mentally, physically, financially, you name it." R. at 60.

The BVA denied appellant's claim on October 28, 1991, and she filed a timely Notice of Appeal to this Court.

## ANALYSIS

In 1970, Congress amended section 103 of title 38, United States Code, so that "[t]he remarriage of a widow of a veteran shall not bar the furnishing of benefits to her as the widow of the veteran if the remarriage has been terminated by death or has been dissolved by … divorce…." Pub.L. No. 91–376, § 4, 84 Stat. 787, 789 (1970); 38 U.S.C.A. § 103(d). At the same time, Congress amended section 3010 [now section 5110] of title 38, United States Code, by adding subsection (*l*) which stated, "The effective date of an award of benefits to a widow based upon termination of a remarriage by death or divorce shall be the date of death or the date the judicial decree or divorce becomes final, if an application therefor is received within one year from such termination." Pub.L. No. 91–376, § 7, 84 Stat. 787, 790 (1970); 38 U.S.C.A. § 5110(*l*). The amendments took effect on January 1, 1971. Pub.L. No. 91–

376, § 7, 84 Stat. 787, 790 (1970). (The law has since been amended again to bar reinstatement of eligibility for benefits for remarried spouses whose remarriages are terminated by death or divorce. Pub.L. No. 101–508, § 8004(a)(1), 104 Stat. 1388–343 (1990).)

In denying appellant's claim for an effective date for DIC benefits, the BVA noted, "[W]hile any lack of information on the appellant's part regarding the liberalizing law is unfortunate, such a matter would not provide a basis for favorable action in connection with her appeal." *Lucille F. Lyman*, BVA 91–35148, at 4 (Oct. 28, 1991). In his motion for summary affirmance, the Secretary states,

> Appellant's only argument in this case is that the VA should have informed her of the change in the law so that she could have applied for benefits as of the effective date of the change.... However, none of the applicable statutes or regulations impose a duty on VA to review claims to determine eligibility for an increase or change in benefits under the amendment to 38 U.S.C. § 103 (1971). In fact, the language of 38 C.F.R. § 3.114(a) makes it clear that there is no duty for VA to perform such review, since it makes such reviews discretionary by the phrasing in [s]ubsections (1) and (2) that *"If* a claim is reviewed *on the initiative of the VA...."*

Secretary's Mot. at 4.

The statutory authority for promulgating 38 C.F.R. § 3.114(a) is 38 U.S.C.A. § 5110(g) (West 1991). The Court discussed § 5110(g) in *Wells v. Principi*, 3 Vet.App. 307 (1992), a case quite similar to this one, where appellant sought a retroactive award of DIC benefits back to 1966 when "the law governing DIC was amended in such a way that[,] under it, appellant would be entitled to a higher DIC benefit, based on her spouse's highest rank in service, that of major." *Wells*, 3 Vet.App. at 308. As in the instant case, "[t]he VA did not notify appellant of her entitlement to this increase." *Id.* Section 5110(g) provides in pertinent part,

> [W]here compensation, dependency and indemnity compensation, or pension is awarded or increased pursuant to any Act or administrative issue, the effective date of such award or increase shall be fixed in accordance with the facts found but shall not be earlier than the effective date of the Act or administrative issue. *In no event shall such award or increase be retroactive for more than one year from the date of application therefore or the date of administrative determination of entitlement, whichever is earlier.*

38 U.S.C.A. § 5110(g) (emphasis added). With regard to this section of the law, the Court in *Wells* noted,

> [S]ection 5110(g) ... clearly states, ... "[i]n no event shall [an] increase be retroactive for more than one year from the date of application...." Thus, these statutory provisions on their faces clearly establish that an application must be filed. *See Ardestani v. I.N.S.,* — U.S. ——, ——, 112 S.Ct. 515, 519–20, 116 L.Ed.2d 496 (1991); *Jones v. Derwinski*, 2 Vet.App. 231, 232–34 (1992) (absent clearly expressed contrary intent, statutory terms are to be interpreted according to their ordinary meaning).

> Even assuming that the statute was ambiguous, which it is not, the legislative history, itself, is, at best, ambiguous on whether a duty is to be imposed on the Secretary to seek out potential beneficiaries of a new law or administrative issuance affecting DIC.... *Consequently, there is no clear indication that the statute was enacted with an intent to impose such a duty on the Secretary, and the Court, cannot, otherwise, create such a duty. Cf. Chevron, U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984).

*Wells*, 3 Vet.App. at 309 (emphasis added); *cf. Hill v. Derwinski*, 2 Vet.App. 451 (1991) (where Court held that publication in the Federal Register of regulations implementing the Restored Entitlement Program to Survivors benefits was sufficient notification to the claimant of eligibility for benefits); *Templeton v. Office of Personnel*

*Management*, 951 F.2d 338, 340 (Fed.Cir. 1991) (where no statute or other law imposed duty on Federal Aviation Administration to inform appellant of his eligibility for certain retirement benefits, Court declined to infer such a duty), *citing Davis v. Office of Personnel Management*, 918 F.2d 944, 946–47 (Fed.Cir.1990) (OPM has no duty to notify potential survivor annuitants of filing requirements); *Nordstrom v. United States*, 342 F.2d 55, 59, 169 Ct.Cl. 632 (1965) (no duty of notice of change in law absent mandatory instructions from Congress or the President). As in *Wells*, the Court holds that the VA did not have a duty to inform appellant of the amendment to the law in 1971 that made her eligible for a reinstatement of DIC benefits.

The Court notes again as it did in *Wells*, 3 Vet.App. at 309, the passage in 1970 of 38 U.S.C.A. § 241 (now § 7722). While, unlike *Wells*, the liberalizing law here was passed subsequent to the enactment of § 241, where, as here, there has been no showing that the VA knew or should have known of appellant's changed status making her again eligible for pension, we hold that the redesignated section—7722(c)—imposes no general duty on the VA to notify eligible persons of possible entitlements. We express no view as to the VA's duty in a situation where the VA knew or should have reasonably known of eligibility.

## CONCLUSION

For the reasons stated above, the October 28, 1991, decision of the BVA is AFFIRMED.