**Wilma J. McTIGHE, Appellant,**

**v.**

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 93–892.**

United States Court of Veterans Appeals.

Sept. 7, 1994.

Donovan R. Bigelow, Seattle, WA, was on the brief for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Mary Ann Flynn, Chicago, IL, were on the brief for appellee.

Before KRAMER, FARLEY, and HOLDAWAY, Judges.

HOLDAWAY, Judge:

The appellant, Wilma J. McTighe, appeals a June 2, 1993, decision of the Board of Veterans' Appeals (BVA or Board) which determined that she was not entitled to an earlier effective date for an award of dependency and indemnity compensation (DIC). The Court will affirm the decision of the BVA.

## BACKGROUND

The appellant is the widow of Walter T. Bryan, the veteran. On November 2, 1944, the veteran died on active duty during World War II. In May 1947, the appellant married Richard B. McTighe. That marriage terminated the DIC benefits that had been received by the appellant. That marriage ended in divorce in 1985.

In November 1987, the appellant telephoned the VA Regional Office (RO) and indicated her desire to file a claim for benefits. The appellant received a claims application form the following week. On December 11, 1987, the appellant went to the RO seeking assistance in filling out the application. The appellant claims that a veterans benefits counselor working at the RO informed her that her income was too great to receive benefits. As a result of this conversation, the appellant did not at that time submit an application for DIC benefits.

In June 1990, after reading an article in MODERN MATURITY MAGAZINE, which stated that widows who remarried and later divorced were eligible for DIC benefits regardless of income, the appellant submitted an application for DIC benefits. In August 1990, the RO granted the appellant DIC benefits with an effective date of July 1, 1990. In September 1990, the appellant submitted a Notice of Disagreement contending that she was entitled to DIC benefits retroactive to December 1987. In September 1991, she filed a VA Form 1–9 (Appeal to the Board).

In December 1991, the appellant and her daughter appeared and testified at a personal hearing. In her personal hearing testimony, the appellant admitted that the veterans benefits counselor probably did not understand that the veteran died during World War II almost 40 years prior to her appearance at the RO. In March 1992, the appellant's attorney filed a brief. On June 2, 1993, the BVA determined that the appellant was not entitled to an earlier effective date.

## ANALYSIS

Pursuant to 38 U.S.C. § 5110(a), the effective date of an award based on an original claim for benefits "shall not be earlier than the date of receipt of application therefore."

Additionally, 38 U.S.C. § 5101(a) provides that "A specific claim in the form prescribed by the Secretary . . . must be filed in order for benefits to be paid or furnished to any individual. . . ." As this Court has previously noted, "[b]oth these statutes clearly establish that an application must be filed." *Crawford v. Brown*, 5 Vet.App. 33, 35 (1993); *see Wells v. Principi*, 3 Vet.App. 307, 309 (1992).

■ The appellant bases her contention that she is entitled to an earlier effective date on the fact that she received erroneous information from a VA employee regarding her eligibility for DIC benefits. Although not articulated in terms of "estoppel," the argument now advanced by the appellant seems to be, in part, based by implication on an estoppel theory. "Where this Court has previously considered estoppel claims, it has either decided the case on other grounds or rejected estoppel outright." *Harvey v. Brown*, 6 Vet.App. 416, 423 (1994). In *Lozano v. Derwinski*, 1 Vet.App. 184, 185–86 (1991), relying upon *OPM v. Richmond*, 496 U.S. 414, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990), the Court held that a clerical error could not be relied on to estop the VA from denying monetary benefits. *Richmond* held that the payment of government benefits must be authorized by statute; therefore, erroneous advice given by a government employee cannot be used to estop the government from denying benefits. *Richmond*, 496 U.S. at 424, 110 S.Ct. at 2471; *see Schweiker v. Hansen*, 450 U.S. 785, 788–90, 101 S.Ct. 1468, 1470–72, 67 L.Ed.2d 685 (1981). *Richmond* is dispositive of this case. The statute in this case specifically provides that the effective date is the date of application. Although the appellant may have received erroneous advice from the veterans benefits counselor at the RO, she is not entitled to an earlier effective date based on estoppel.

■ The main thrust of the appellant's argument, although intermixed with an estoppel theory, is that her visit to the RO should be construed as an "informal claim" and that the VA breached its duty to assist. Section 3.155(a), of title 38 of the Code of Federal Regulations, defines the term "informal claim" as:

Any communication or action, indicating an intent to apply for ... benefits under the laws administered by the [VA], from a claimant ... may be considered an informal claim. Such informal claim must identify the benefit sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within 1 year from the date it was sent to the claimant, it will be considered filed as of the date of receipt of the informal claim.

Even if the appellant's phone call and subsequent visit to the RO on December 11, 1987, could be construed as an informal claim, the VA had already complied with its obligation pursuant to 38 C.F.R. § 3.155(a) to send her an application form which needed to be returned by the claimant and received by the VA within one year from the date it was sent.

In addition, a "claim" must be well grounded before a duty to assist arises. Obviously, simply to state that one wishes to file a claim or that one has a claim falls short of being well grounded. "[T]he claimant has the burden of submitting *evidence* sufficient to justify a belief that the claim is well grounded in order for the RO to carry the claim to full adjudication." *Grottveit v. Brown*, 5 Vet.App. 91, 92 (1993) (emphasis added); 38 U.S.C. § 5107(a). This evidence "must justify a belief by a fair and impartial individual that the claim is plausible." *Tirpak v. Derwinski*, 2 Vet.App. 609, 611 (1992). The veterans benefits counselor at the RO could not be expected to know that the appellant's claim for DIC benefits was based on the death some 40 years previously of a World War II veteran if she had not been given that information. While the VA system is paternalistic, and properly so, this does not remove all responsibility from a claimant to provide at least the basic facts upon which the claim is based. Therefore, the claim was not well grounded, and the RO had no duty to assist in the development of the appellant's claim.

To the extent that the appellant asks for equitable relief, the Court draws her attention to 38 U.S.C. § 503, which permits equitable relief by the Secretary in certain cases of administrative error. *See Darrow v. Derwinski*, 2 Vet.App. 303, 304–06 (1992). The Court expresses no opinion as to the applicability of that statute, which is a matter wholly within the discretion of the Secretary and is not reviewable by this Court.

Finally, the Court notes that the appellant has requested attorney's fees under the Equal Access to Justice Act (EAJA). Pursuant to 28 U.S.C. § 2412(b), attorney fees under the EAJA may only be awarded to "the prevailing party in any civil action brought ... against the United States or any agency or any official of the United States." The appellant is not a prevailing party in this action, and therefore not entitled to an award of attorney fees under the EAJA.

The June 2, 1993, decision of the Board is AFFIRMED, and the appellant's application for attorney fees under the EAJA is DENIED.