Citation Nr: 1138410 
Decision Date: 10/14/11 Archive Date: 10/19/11

DOCKET NO. 10-04 172A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUE

Entitlement to an effective date earlier than September 14, 2008, for the grant of service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: American Ex-Prisoners of War, Inc.


WITNESS AT HEARING ON APPEAL

Appellant's son



ATTORNEY FOR THE BOARD

E. I. Velez, Counsel


INTRODUCTION

The Veteran had active military service from April 1941 to February 1946. He was a prisoner of war from May 1942 to September 1945. The Appellant is his widow.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of an October 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota.

The Appellant testified in front of the undersigned at a Travel Board hearing held in July 2011. A transcript of the hearing has been associated with the claim file.


FINDINGS OF FACT

1. In February 1985, the Veteran died of chronic obstructive pulmonary disease, due to or as a consequence of, cardiomyopathy. 

2. In April 1985, the Appellant filed a claim for service connection for the cause of the Veteran's death.

3. In August 1985, the RO denied the claim for service connection for the cause of the Veteran's death. The Appellant did not appeal the decision and it became final. 

4. In September 2003, the Appellant filed an application to reopen the claim for service connection for the cause of the Veteran's death. The RO denied the application in January 2004. The Appellant did not appeal the decision and it became final. 

5. A regulation, effective October 7, 2004, added atherosclerotic heart disease or hypertensive vascular disease (including hypertensive heart disease) and their complications (including myocardial infarction, congestive heart failure, and arrhythmia) to the disabilities for which service connection could be awarded on a presumptive basis as diseases specific to former prisoners of war (POWs).

6. On September 15, 2009, the Appellant's application to reopen the claim for service connection for the cause of the Veteran's death was received at the RO.


CONCLUSION OF LAW

An effective date prior to September 14, 2008, is not warranted for the award of service connection for the cause of the Veteran's death. 38 U.S.C.A. §§ 5101, 5110 (West 2002); 38 C.F.R. §§ 3.1, 3.114, 3.152, 3.400 (2010).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

VCAA

The Veterans Claims Assistance Act of 2000 (VCAA), codified in pertinent part at 38 U.S.C.A. §§ 5103, 5103A (West 2002), and the pertinent implementing regulation, codified at 38 C.F.R. § 3.159 (2010), provide that VA will assist a claimant in obtaining evidence necessary to substantiate a claim but is not required to provide assistance to a claimant if there is no reasonable possibility that such assistance would aid in substantiating the claim. They also require VA to notify the claimant and the claimant's representative, if any, of any information, and any medical or lay evidence, not previously provided to the Secretary that is necessary to substantiate the claim. As part of the notice, VA is to specifically inform the claimant and the claimant's representative, if any, of which portion, if any, of the evidence is to be provided by the claimant and which part, if any, VA will attempt to obtain on behalf of the claimant. In addition, VA must also request that the claimant provide any evidence in the claimant's possession that pertains to the claim.

In Dela Cruz v. Principi, 15 Vet. App. 143 (2001), the Court held that the enactment of the VCAA does not affect matters on appeal when the question is one limited to statutory interpretation. See also Manning v. Principi, 16 Vet. App. 534, 542 (2002); see also Sabonis v. Brown, 6 Vet. App. 426, 429- 30 (1994) (where application of the law to the facts is dispositive, the appeal must be terminated because there is no entitlement under the law to the benefit sought). Because the law and not the evidence is dispositive in the instant case, additional factual development would have no bearing in the ultimate outcome. Accordingly, VCAA can have no effect on this appeal. See Dela Cruz, supra; see also Manson v. Principi, 16 Vet. App. 129, 132 (2002) (VCAA not applicable "because the law as mandated by statute and not the evidence is dispositive of the claim.")

Legal Criteria and Analysis

The Appellant asserts that she is entitled to an earlier effective date earlier than September 14, 2008 for the grant of service connection for the cause of the Veteran's death. She asserts that the Veteran should have been service connected for his cardiovascular disability during his lifetime which in turn would have allowed for an earlier effective date for the cause of death. The date the change in law regarding presumptive service connection for diseases specific to POWs took effect on October 7, 2004, which led to the grant of service connection for the cause of the Veteran's death.

During his lifetime, the Veteran was service connected for psychoneurosis, residuals of malnutrition, residuals of amoebic dysentery and peripheral neuritis. He died in January 1985. According to the death certificate, the primary cause of death was chronic obstructive pulmonary disease as due to or as a consequence of cardiomyopathy.

The Appellant first applied for dependency and indemnity compensation (DIC) benefits in April 2005. In a rating decision of August 1985, the RO denied service connection for the cause of the Veteran's death. The Appellant did not appeal the decision and it became final. Thereafter, the Appellant filed an application to reopen the previously denied claim in September 2003. The application was denied in a rating decision of January 2004. The Appellant did not appeal that decision and it became final. The next communication from the Appellant was on September 15, 2009 when she filed a claim for DIC benefits. By way of an October 2009 rating decision, the RO granted service connection for the cause of the Veteran's death, stating that the Veteran's cause of death, cardiomyopathy, was shown to be associated with a presumptive disability specific to former POWs, arteriosclerotic coronary artery disease, of which the Veteran had been diagnosed during his lifetime. 

At issue is the effective date of the grant of service connection for the cause of the Veteran's death.

Governing law provides that except as otherwise provided, the effective date of an evaluation and award based on an original claim will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 U.S.C.A. § 5110; 38 C.F.R. § 3.400. Where dependency and indemnity compensation was awarded pursuant to a liberalizing law, the effective date of such award shall be fixed in accordance with the facts found, but shall not be earlier than the effective date of the liberalizing regulation. In order for a claimant to be eligible for a retroactive payment the evidence must show that the claimant met all eligibility criteria for the liberalized benefit on the effective date of the liberalizing law and that such eligibility existed continuously from that date to the date of claim or administrative determination of entitlement. 38 C.F.R. § 3.114(a).

If a claim is reviewed on the initiative of VA within 1 year from the effective date of the law or VA issue, or at the request of a claimant received within 1 year from that date, benefits may be authorized from the effective date of the law or VA issue. If a claim is reviewed on the initiative of VA more than 1 year after the effective date of the law or VA issue, benefits may be authorized for a period of 1 year prior to the date of administrative determination of entitlement. If a claim is reviewed at the request of the claimant more than 1 year after the effective date of the law or VA issue, benefits may be authorized for a period of 1 year prior to the date of receipt of such request. 38 C.F.R. § 3.114(a).

Here, the Veteran died in February 1985. Eventually, it was determined that he died of a disease resulting from a presumptive disease specific to former POWs. Therefore, the potential eligibility to benefits existed on the effective date of the liberalizing law (October 7, 2004), and continuously thereafter to the date of her claim. 

However, the claim was not filed until September 15, 2009. The effective date of the liberalizing regulation which allowed for the grant of service connection for the cause of the Veteran death was October 7, 2004. (See 69 Fed. Reg. 60,083-60,090, changing the regulations pertaining to presumptions of service connection for diseases associated with service involving detention or internment as a POW, effective as of October 7, 2004.) 

The Board notes that while the Appellant initially filed for DIC benefits in April 1985, that claim was denied and the Appellant did not appeal the denial. Therefore, the initial denial of DIC in August 1985 became final. The Board notes that at the time of the Veteran's death, there was a pending appeal for an increased rating of his psychiatric disability. The issue was continued as an appeal for accrued benefits and in March 1986, the Board remanded the claim to the RO for readjudication for consideration of new evidence since the most recent Supplemental Statement of the Case. The RO issued a new Supplemental Statement of the Case in April 1986 and the appeal was subsequently denied by the Board in August 1986. This decision was final. Since the evidence was considered, the provisions of 38 C.F.R. § 3.156(b) are no longer applicable. 

Thereafter, the Appellant filed an application to reopen the previously denied claim in September 2003. The application was denied in a rating decision of January 2004. The Appellant did not appeal that decision and it became final. The next communication from the Appellant was not until she filed a claim for DIC benefits on September 15, 2009. The RO has assigned an effective date of September 14, 2008, one year prior to the filing of the most recent application to reopen the claim for DIC benefits. In this case, because the appellant filed her most recent application to reopen more than one year after the effective date of the liberalizing law, benefits may not be awarded any sooner than awarded by the RO. 

The Board has no authority to award an effective date for a grant of service connection for the cause of the Veteran's death earlier than that authorized by law. The Board is precluded from awarding benefits where they are not allowed by statute. See McTighe v. Brown, 7 Vet. App. 29, 30 (1994) (finding where a statute specifically provided an effective date as the date of application, an earlier effective date was not allowed because payment of government benefits must be authorized by statute).

There is no statutory authority that would allow VA to grant the appellant an earlier effective date. To the extent that the appellant seeks to revisit a prior final decision, such claim is without merit and must be dismissed as a freestanding claim for an earlier effective date. See Leonard v. Nicholson, 405 F3d 1333 (Fed Cir 2005); Rudd v .Nicholson, 20 Vet. App. 296 (2006). To hold otherwise would vitiate the rule of finality, which was expounded upon in Cook v. Principi, 318 F.3d 1334 (Fed. Cir. 2002).

Finally, the Board notes that the duty to file a claim rests with a claimant. Here, the AOJ did not review the record on its own. The fact that the Appellant did not file a claim in proximity to the change in the regulation or know about the change in the regulation does not provide a basis for equitable tolling. Here, the effective date is controlled by the date of the receipt of the claim and the fact that there was a liberalizing VA issue. 

Accordingly, the appeal seeking an effective date prior to September 14, 2008, for the grant of service connection for cause of the Veteran's death must be dismissed.


ORDER

Entitlement to an effective date earlier than September 14, 2008, for the grant of service connection for the cause of the Veteran's death is dismissed.



____________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs