﻿Citation Nr: AXXXXXXXX
Decision Date: 05/02/19 Archive Date: 05/02/19

DOCKET NO. 181231-1647
DATE: May 2, 2019

ORDER

Entitlement to an earlier effective date prior to October 27, 2015 for the grant of entitlement to service connection for obstructive sleep apnea (“sleep apnea”) is denied.

FINDINGS OF FACT

1. The Veteran submitted a claim for service connection of sleep apnea on October 27, 2015. The claim was granted in a May 2016 rating decision. 

2. Prior to the October 27, 2015 claim, there were no pending requests for entitlement to service connection for sleep apnea that remained unadjudicated. 

3. The Veteran submitted a correspondence on May 29, 2015 that was not in one of the three specified standard formats for an intent to file a claim; he filed a completed claim form on October 27, 2015. 

CONCLUSION OF LAW

The criteria for an effective date prior to October 27, 2015, for the grant of service connection for sleep apnea have not been met. 38 U.S.C. §§ 5101, 5103A, 5107, 5110 (2012); 38 C.F.R. §§ 3.1, 3.151, 3.155, 3.400 (2018). 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals

Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as

amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as

the Appeals Modernization Act (AMA). This law creates a new framework for

Veterans dissatisfied with VA’s decision on their claim to seek review. The Board

is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the

Rapid Appeals Modernization Program.

The Veteran had active military service from August 1985 to February 1986, November 1990 to May 1991, March 2003 to October 2003, and December 2005 to June 2007. 

In May 2018, the Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the October 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. In December 2018, the Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

Effective Date

Unless specifically provided otherwise, the effective date of an award based on a claim for compensation is to be fixed in accordance with the facts found, but not earlier than the date the claim was received. 38 U.S.C. § 5110(a). For claims for disability compensation filed within one year of the Veteran’s separation from service, the effective date of an award of disability compensation will be the day following the date of the veteran’s discharge. 38 U.S.C. § 5110(b)(1); 38 C.F.R. § 3.400. 

Prior to March 24, 2015, any communication or action, indicating an intent to apply for one or more benefits under the laws administered by VA, from a veteran or his representative may be considered an informal claim. Such informal claim must identify the benefit sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within one year from the date it was sent to the veteran, it will be considered filed as of the date of receipt of the informal claim. 38 C.F.R. § 3.155. In addition, a communication received from a service organization, an attorney, or an agent may not be accepted as an informal claim if a power of attorney was not executed at the time the communication was written.

Effective March 24, 2015, a change in the regulation requires claims be filed on standard forms, eliminating constructive receipt of claims and informal claims. See 38 C.F.R. §§ 3.1(p), 3.150, 3.155, 3.160(a). Instead of informal claims, the new regulation provides that a claimant may request an application for benefits, upon receipt of which, the Secretary shall notify the claimant of the information necessary to complete the application form or form prescribed by the Secretary. 38 C.F.R. § 3.155(a). 

The regulation also allows a claimant to submit an intent to file a claim, and VA may recognize the receipt date of the intent to file a claim as the date of claim so long as VA receives the successfully completed claim form within a year. 38 C.F.R. § 3.155(b). There are three ways in which a claimant may submit an intent to file a claim: (i) saved electronic application-when an application otherwise meeting the requirements of paragraph (b) is electronically initiated and saved in a claims-submission tool with a VA web-based electronic claims application system; (ii) written intent, signed and dated on the intent to file a claim form prescribed by the Secretary; and (iii) oral intent communicated to designated VA personnel, recorded in writing, and documented in the claimant’s records. Id. If the intent to file is not on a standardized Intent to File form, then any communication “is considered a request for an application form for benefits” and has no impact on effective dates, which is governed based upon when the formal claim is received. § 3.155(a). See also Standard Claims and Appeals Forms, 79 Fed. Reg. 57660, 57661 (Sept. 25, 2014).

1. Entitlement to an earlier effective date prior to October 27, 2015 for the grant of entitlement to service connection for sleep apnea is denied.

The Board has reviewed the record and finds that the criteria for an effective date prior to October 27, 2015 have not been met. See 38 C.F.R. §§ 3.1(p), 3.150, 3.155, 3.400.

As way of background, the Veteran’s representative filed a correspondence on May 29, 2015. See May 2015 Third Party Correspondence. In the May 2015 correspondence, the representative stated that medical records were being submitted in support of a pending claim for benefits. The representative did not state that the correspondence was an informal claim or a request for a formal claims form. Subsequently, on October 27, 2015, the Veteran submitted a completed VA Form 21-527EZ for his claim for entitlement to service connection for sleep apnea. The Veteran’s May 2015 correspondence and his October 2015 claim form were received after March 24, 2015, the effective date of the change in the regulation requiring standard forms for claims. 

The Board finds that the Veteran’s May 2015 correspondence could not legally be treated as an informal claim as the law no longer allows for informal claims. See Standard Claims and Appeals Forms, 79 Fed. Reg. 57660, 57661 (Sept. 25, 2014) (codified at 38 C.F.R. pt. 3). Instead, as explained above, the Veteran may file an intent to file a claim form that can act as a placeholder for the effective date of a completed claim form received within a year. See 38 C.F.R. § 3.155(b). In order to be treated as a written intent to file a claim, the correspondence must be made on the VA intent to file a claim form as prescribed by the Secretary. 38 C.F.R. § 3.155(b)(1)(ii). The Veteran’s May 2015 correspondence was filed on the representative’s fax coversheet and not the prescribed Intent to File a Claim Form that is required. Further, the correspondence did not even state that the Veteran intended to file a claim. Rather, the correspondence stated that additional records were being submitted in support of a pending claim. 

While the Board appreciates that the Veteran was acting on what he believed were the proper protocols, the payment of government benefits must be authorized by statute; erroneous advice cannot be used to estop the government from denying benefits. McTighe v. Brown, 7 Vet. App. 29, 30 (1994). Moreover, “[t]he Supreme Court has held that everyone dealing with the Government is charged with knowledge of federal statutes and lawfully promulgated agency regulations.” Morris v. Derwinski, 1 Vet. App. 260, 265 (1991). VA and the Board are bound by the laws and regulations in place. See 38 C.F.R. § 19.5 (“In the consideration of appeals, the Board is bound by applicable statutes, regulations of the Department of Veterans Affairs, and precedent opinions of the General Counsel of the Department of Veterans Affairs.”).

As the Veteran did not file the prescribed claim form or prescribed intent to file a claim form prior to October 27, 2015, the appropriate effective date for his award of pension is the date his completed form was received, October 27, 2015. See 38 C.F.R. §§ 3.1(p), 3.150, 3.155, 3.160(a), 3.400. The claim is denied.

 

S. HENEKS

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD P. Noh, Associate Counsel