**Robert W. BERNIER, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–1065.

United States Court of Veterans Appeals.

Argued Feb. 23, 1995.

Decided March 17, 1995.

Robert V. Chisholm, Providence, RI, for appellant.

Susan A. Wuchinich, with whom Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, and David W. Engel, Deputy Asst. Gen. Counsel, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

FARLEY, Judge:

This is an appeal from an August 26, 1993, Board of Veterans' Appeals (BVA or Board)

decision. The Board denied the appellant's claim for retroactive vocational rehabilitation benefits under chapter 31, U.S.Code, for the period from January 1989 to April 1991 because the appellant had received other VA educational benefits during that period. In so doing, the BVA relied upon a VA regulation which precludes retroactive induction into a chapter 31 vocational rehabilitation program for a period in which the veteran received educational benefits under another VA program. For the reasons that follow, the Court holds that pertinent subsections of the regulation are "unlawful and [must be] set aside." 38 U.S.C. § 7261(a)(3)(C). Therefore, the BVA decision will be reversed and the matter remanded for proceedings consistent with this opinion.

## I.

The facts are not in dispute. The appellant served on active duty from July 1986 to April 1988. Record (R.) at 18, 29. He filed an application for compensation or pension in July 1988, seeking service connection for a sciatic nerve disorder. R. at 41–44. The appellant enrolled in the New England Institute of Technology in December 1988, and began training in January 1989. R. at 74. In March 1989, while his claim for service connection was still pending, he was awarded chapter 30 educational benefits, with an effective date of December 27, 1988. R. at 80.

The regional office (RO) denied the appellant's claim for service connection for sciatica in April 1989. R. at 86. The denial was appealed and the BVA granted service connection in January 1991. R. at 140–44. On February 11, 1991, the RO effectuated the BVA decision by awarding the appellant a 20% rating for "herniated neucleus [sic] pulposus at L4–5 and L5–S1," effective from April 20, 1988. R. at 146–47.

Ten days later, on February 22, 1991, the appellant filed a claim for chapter 31 vocational rehabilitation benefits. R. at 162. He was not eligible for these benefits prior to February 1991 because a compensably-rated service-connected disability is a prerequisite for eligibility under chapter 31. 38 U.S.C. § 3102; *see infra* part II. After his claim for chapter 31 benefits was approved, effec-

tive April 1, 1991, the appellant elected to stop receiving chapter 30 benefits and to enter a chapter 31 vocational rehabilitation program. R. at 184–85; *see also* R. at 18. However, the appellant also challenged the April 1, 1991, effective date, asserting that he should be entitled to chapter 31 benefits retroactive to January 1989, when he began his training program. R. at 196–97, 214, 273–74.

On August 26, 1993, the BVA denied entitlement to retroactive chapter 31 benefits. R. at 18. The Board stated:

> The regulation governing the award of retroactive induction for Chapter 31 vocational rehabilitation program [sic] states that a veteran shall not be inducted into a program of vocational rehabilitation retroactively if the veteran has previously received benefits under another VA program of education for any period for which retroactive benefits are being requested. 38 C.F.R. § 21.282(b)(2) (1992). In the instant case, the Board observes that the veteran has reported and testified during a September 1992 hearing that he received Chapter 30 educational assistance for his period of schooling from January 1989 to March 1991.... He received Chapter 30 benefits for the period December 27, 1988 to April 1, 1991.
>
> While the veteran has contended that he only used his Chapter 30 educational assistance because he was not granted service connection for his back disorder, herniated nucleus pulposus of L4, L5 and L5–S1 until service connection was granted in 1991, the Board points out that the veteran did receive Chapter 30 educational benefits until April 1, 1991. Thus, as the veteran received benefits under another VA program of education, he is not entitled to retroactive benefits under Chapter 31 vocational rehabilitation for the same period. The Board has no legal recourse but to deny the veteran's claim.

R. at. 19–20. The appellant filed a timely appeal to this Court, seeking the difference between what he would have been paid under chapter 31 and what he was paid under chapter 30 for his period of schooling prior to April 1, 1991. Appellant's brief at 13. On

November 14, 1994, the Court ordered supplemental briefing from the Secretary, and invited the appellant to respond, on whether there was any statutory authority for 38 C.F.R. § 21.282(b)(2)(ii) (1994), and whether 38 U.S.C. §§ 3033(a)(1), 3681(b)(1), and 5113(a) were applicable to the appellant's claim. Both parties filed memoranda responding to the order, and on February 23, 1995, oral argument was held.

## II.

Chapters 30 and 31 of title 38, U.S.Code, establish two of the education programs which Congress has provided for veterans and, under certain conditions, members of the Armed Forces (for the sake of simplicity, this group will hereinafter be referred to as "veterans"). Although all of these programs share the common goal of educating veterans, each program was created to assist a different category of veterans, and each program has different eligibility requirements. For instance, the chapter 31 vocational rehabilitation program requires that a veteran have a service-connected disability which is 20% or more disabling, unless the veteran has a "serious employment handicap" (as defined in 38 U.S.C. § 3101(7)), in which case the service-connected disability need only be 10% disabling. 38 U.S.C. § 3102. A service-connected disability is not, however, a prerequisite to eligibility for chapter 30 benefits. *See* 38 U.S.C. §§ 3011, 3012.

Although the eligibility requirements differ, the various programs can overlap to some extent, such that a veteran may be eligible for benefits under more than one program. To prevent "double-dipping," i.e., receiving benefits under two or more programs at the same time, 38 U.S.C. § 3033(a)(1) provides, in pertinent part: "An individual entitled to educational assistance under a program established by [chapter 30] who is also eligible for educational assistance ... under chapter 31, 32 or 35 ... may not receive assistance under two ... such programs concurrently but shall elect ... under which program to receive educational assistance." *See also* 38 C.F.R. § 21.21 (1994). Section 3681(b)(1) of title 38, U.S.Code, reiterates the same limitation; it provides, in pertinent part, that "[n]o person may receive benefits concurrently under ... [c]hapters 30, 31, 32, 34, 35, and 36."

The effective date for most veterans' benefits generally corresponds to the date that the claim for the particular benefit was filed. *See, e.g.,* 38 U.S.C. § 5110(a) ("the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, ... shall not be earlier than the date of receipt of application therefor."). With regard to effective dates for educational benefits, however, the Secretary is under an affirmative statutory duty to achieve harmony with the effective dates of compensation or pension awards "to the extent feasible." *See* 38 U.S.C. § 5113(a) ("Effective dates relating to awards under chapters 30, 31, 32, 34, and 35 of this title or chapter 106 of title 10 shall, to the extent feasible, correspond to effective dates relating to awards of disability compensation." Subsection (b) of § 5113 contains an exception to the above provision, but it is inapplicable to this appeal.).

The Secretary has promulgated regulations interpreting and implementing the vocational rehabilitation program in part 21 of title 38, Code of Federal Regulations. In so doing, the Secretary has specifically provided for retroactive induction into a chapter 31 program when (1) the veteran is within his period of eligibility (as provided in 38 U.S.C. § 3103 and 38 C.F.R. §§ 21.41–.44 (1994)), (2) "the veteran was entitled to disability compensation during the period for which retroactive induction is requested, and met the criteria of entitlement to" chapter 31 for that period, and (3) the training pursued by the veteran "during the period [was] applicable to the [veteran's] occupational objective." 38 C.F.R. § 21.282(b)(1) (1994).

However, 38 C.F.R. § 21.282(b)(2) (1994) specifically limits entitlement:

A veteran shall not be inducted into a vocational rehabilitation program retroactively if any of the following conditions exist even though all conditions of paragraph (b) of this section are met:

. . . . .

(ii) The veteran has previously received benefits under another VA program of education or training for any period for which retroactive benefits are being requested under Chapter 31[.]

38 C.F.R. § 21.282(b)(2). Further, 38 C.F.R. § 21.282(c) (1994) states that the "effective date of a veteran's retroactive induction into training shall be no earlier than one year prior to the date of application for Chapter 31 benefits." Since the denial of the appellant's claim was premised upon § 21.282(b)(2)(ii) and, as will be seen, his claim is impacted by § 21.282(c), the issue before the Court is whether these two regulations are "consistent with th[e] laws [administered by VA]." 38 U.S.C. § 501(a); *see generally Gardner v. Derwinski*, 1 Vet.App. 584, 586 (1991), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456 (Fed.Cir.1993), *aff'd, —* U.S. —, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994).

### III.

■ The Secretary contends that the limitation imposed by 38 C.F.R. § 21.282(b)(2)(ii) is consistent with, and authorized by, 38 U.S.C. §§ 3033(a)(1) and 3681(b)(1). Secretary's memorandum at 6–7. "From a combined plain meaning reading of [§§ 3033(a)(1) and 3681(b)(1) ], it is clear that Congress did not want a claimant, such as Appellant, who is receiving chapter 30 educational benefits, to concurrently also receive vocational and training benefits under chapter 31." Secretary's memorandum at 4. Regarding the affirmative duty in § 5113(a), the Secretary argues that the words "to the extent feasible," as used in the statute, *"implicitly reference* the statutory prohibitions set forth in sections 3033(a)(1) and 3681(b)(1), barring an effective date that would allow duplication of benefits under chapter [sic] 30 and 31." Secretary's memorandum at 6 (emphasis added).

"The starting point in interpreting a statute is its language, for 'if the intent of Congress is clear, that is the end of the matter.'" *Good Samaritan Hosp. v. Shalala*, — U.S. —, —, 113 S.Ct. 2151, 2157, 124 L.Ed.2d 368 (1993) (quoting *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984)); *see also Gardner*, 1

Vet.App. at 586–87. We agree with the Secretary that §§ 3033(a)(1) and 3681(b)(1) clearly reflect Congress' intention to preclude concurrent receipt of benefits under both chapter 31 and chapter 30. We also find the language of § 5113(a) to be clear in its command to the Secretary to make effective dates of educational programs correspond to the effective dates of disability awards "to the extent feasible."

Turning to the regulations at issue, there can be no question that the general provision for retroactive induction into a vocational rehabilitation program is consistent with the statutory direction of § 5113(a). *See* 38 C.F.R. § 21.282(b). However, the same cannot be said for the limitation placed by the Secretary upon retroactive induction by § 21.282(b)(2)(ii). At the outset, we note that the authority cited for the regulation is defective. The regulation lists 38 U.S.C. § 3101(9) as statutory authority, but that statute contains only the definition of "vocational rehabilitation program." Even the Secretary concedes that this is not valid authority for § 21.282(b)(2)(ii). Secretary's memorandum at 7. No doubt recognizing this defect in the stated authority for his regulatory limit, the Secretary argued that the words "to the extent feasible" in § 5113(a) somehow "implicitly reference" the limitations on duplicate benefits in §§ 3033(a)(1) and 3681(b)(1), and that this prohibition against "concurrent" benefits, in turn, somehow compels denial of this appellant's claim. We are not persuaded.

Even if we were to accept the Secretary's argument, there is no basis for denying the appellant's claim. The Secretary's argument would only mean that VA could not retroactively provide *full* chapter 31 benefits to a veteran to cover a period for which the veteran received chapter 30 benefits. However, the appellant is not seeking concurrent, or duplicate, benefits for his period of schooling from January 1989 to April 1, 1991. Rather, he wants to "collect[ ] the difference due between [c]hapter 30 and [c]hapter 31" for that period. Appellant's memorandum at 11. Thus, he is seeking only the opportunity to choose between two educational programs for his period of schooling from January 1989 to

April 1, 1991, both of which he was qualified for. It is true that his eligibility for chapter 31 benefits was not determined until April 1991 (R. at 184), but that delay was a result of VA's belated grant of his claim for service connection. For this reason, even if we were to interpret § 5113(a) as the Secretary urges us to, the statutory limitation would have no effect in this case. To the extent that the regulation would impose such a limit, it is inconsistent with the statute.

The Secretary asserted at oral argument that it was not "feasible" to award chapter 31 benefits for the disputed period because certain of the benefits, such as the repeated counseling sessions and medical treatment and care that a veteran may need to complete his rehabilitation plan, *see* 38 U.S.C. § 3104; 38 C.F.R. § 21.240 (1994), do not lend themselves to retroactive application. In essence, the Secretary argues that, since the veteran cannot be given all the benefits, he is entitled to none. However, this argument, if accepted, would eviscerate the requirement in § 5113(a) that effective dates of educational assistance programs "to the extent feasible, correspond to effective dates relating to awards of disability compensation." Even though it is sparse, the legislative history makes it clear that the phrase "to the extent feasible" was added to cover situations such as that presented by this appeal, because "the nature of [rehabilitation and educational] benefits necessitates some variance." 1957 U.S.C.C.A.N. 1245, 1253 (a letter from the Administrator of VA to Senator Harry F. Byrd recommending that the phrase be added to H.R. 53, 85th Cong., 1st Sess. (1957)); *see also* VA Gen. Coun. Opinion on Pub.L. No. 97–253 (November 1, 1982), *available in* WESTLAW, FMIL–VAGC File ("The intended goal of section [5113] was to best provide for veterans' needs through flexibility in allowing for variances of effective dates of educational assistance, if such variances were deemed necessary.").

For this veteran, a variance is necessary because it is obviously not "feasible" to provide him with counseling in 1995 to which he was retroactively entitled in 1988. However, it is feasible to calculate the difference between the financial benefits to which he is now retroactively entitled under chapter 31 and those he received under chapter 30; no "variance" is necessary. Although the statute clearly requires the Secretary to do everything "feasible" to harmonize the effective dates of educational and disability awards, the Secretary's urges upon the Court an interpretation which would promote not harmony but disharmony. The plain language of § 5113(a) simply will not permit such an interpretation, particularly since "remedial statutes should be liberally construed in favor of those whom the legislation was designed to benefit." *Tallman v. Brown*, 7 Vet.App. 453, 465–66 (1995) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 397–98, 102 S.Ct. 1127, 1134–35, 71 L.Ed.2d 234 (1982); *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 102, 111 S.Ct. 453, 461, 112 L.Ed.2d 435 (1990) (Stevens, J., concurring in part and dissenting in part); *Smith v. Brown*, 35 F.3d 1516, 1525 (Fed.Cir.1994); *Batchelor v. Oak Hill Medical Group*, 870 F.2d 1446, 1449 (9th Cir.1989); *Baker v. U.S. Steel Corp.*, 867 F.2d 1297, 1299 (11th Cir. 1989)). To the extent that 38 C.F.R. § 21.282(b)(2)(ii) follows the Secretary's interpretation, it is inconsistent with the statute and cannot stand.

## IV.

■ Since a remand is required to permit the Secretary to calculate the amount of the "feasible" benefits, we are required also to address the limitation in 38 C.F.R. § 21.282(c) that effective dates for retroactive induction into a chapter 31 program "shall be no earlier than one year prior to the date of application." The purported authority for this regulation, 38 U.S.C. § 5113, which contains the "to the extent feasible" command, does not mention a one-year limit on retroactive induction into chapter 31 and could not possibly be read to impose one. Section 5110(g) of title 38, U.S.Code, imposes such a restriction on retroactive benefits, but that provision is expressly limited to claims for "compensation, dependency and indemnity compensation, or pension." Therefore, we find that there is no statutory authority for such a restriction on the retroactive award of

chapter 31 benefits, and § 21.282(c) also must be set aside, since it imposes a requirement not contained in the underlying statutes. *Gardner,* —— U.S. at ——–——, 115 S.Ct. at 555–56; *Skinner v. Brown,* 27 F.3d 1571, 1573 (Fed.Cir.1994) (holding that a VA regulation was invalid because "[t]he language [of the statute] is mandatory, leaving no room for the VA to impose additional restrictions on entitlement").

### V.

■ During oral argument, the Secretary contended that there is no statutory authority for paying the appellant the difference between what he would have received under chapter 31 and what he received under chapter 30, and that *OPM v. Richmond,* 496 U.S. 414, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990), prohibited VA from disbursing the money to the appellant. We find this argument unpersuasive. In *Richmond,* the Supreme Court held that "payments of money from the Federal Treasury are limited to those authorized by statute." *Id.* at 416, 110 S.Ct. at 2467. Here, there is statutory authorization for paying the appellant the difference between the monetary benefits under the two programs. The Secretary has authority to pay for chapter 31 vocational rehabilitation plans as provided in 38 U.S.C. § 3104, and § 5113(a) provides that the effective date of an educational assistance program "shall, to the extent feasible, correspond to [the] effective date[ ] relating to [the] award[ ] of disability compensation." Since it is "feasible" to calculate the difference between what the appellant would have received in chapter 31 benefits and what he did receive in chapter 30 benefits, § 5113(a) provides all the statutory authority that is necessary for the Secretary to disburse the funds that the appellant is entitled to receive.

### VI.

For the foregoing reasons, we hold that the restrictions imposed by 38 C.F.R. § 21.282(b)(2)(ii) and 38 C.F.R. § 21.282(c) are not authorized by 38 U.S.C. § 501(a), and must be held "unlawful and set aside" as "regulations issued or adopted by the Secretary ... in excess of statutory ... authority,

or limitations." 38 U.S.C. § 7261(a)(3)(C). Accordingly, the August 26, 1993, BVA decision is REVERSED, and the matter is REMANDED so that the BVA can determine the proper amount of benefits to pay the appellant pursuant to § 5113(a).