Michael O. ERSPAMER, Appellant,

v.

Jesse BROWN, Secretary
of Veterans Affairs.

No. 93–1024.

United States Court of Veterans Appeals.

Nov. 4, 1996.

■■■■■■■■■■■■■■■■

Michael O. Erspamer, pro se.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; and Peter M. Donawick were on the brief, Washington, DC, for appellee.

Before NEBEKER, C.J., and KRAMER and HOLDAWAY, JJ.

NEBEKER, Chief Judge, filed the opinion of the Court. KRAMER, Judge, filed a concurring opinion.

NEBEKER, Chief Judge:

The appellant, Michael O. Erspamer, appeals a June 15, 1993, Board of Veterans' Appeals (Board or BVA) decision denying his entitlement to chapter 35 educational assistance benefits. The appellant filed a brief and a reply brief. The Secretary filed a brief. After consideration of the record and supplemental record on appeal, and the parties' briefs, the Court will affirm the Board's decision for the following reasons.

## I. FACTS

The appellant's father, veteran Ernest G. Erspamer, served in the U.S. Navy from April 1944 to May 1947. Record (R.) at 13–14. The veteran died on December 13, 1980, from chronic myelogenous leukemia. In February 1981, his wife, the appellant's mother, filed a claim for accrued benefits based on the veteran's still-pending claim for service connection for chronic myelogenous leukemia, and a claim for Dependency and Indemnity Compensation (DIC), arguing that the cause of the veteran's death was service connected. R. at 19, 21. Service connection for the cause of the veteran's death was not granted until June 1, 1990.

The appellant was born on April 13, 1955. R. at 27. He attended law school from August 1980 to June 1984. R. at 27. He first filed a claim for Survivors' and Dependents' Educational Assistance (DEA) in March 1991, for the cost of his law school education, asking for reimbursement from the date of his father's death, December 13, 1980, until his graduation in June 1984. R. at 24, 27–28. At the time he filed his DEA claim, he was 35 years old. The VA regional office (RO) denied his claim for DEA in June 1991, stating,

Your claim for education benefits under this program has been denied for the following reasons:

1. The law permits payment only from a date one year prior to the ... date your application was received. Since your application was received March 27, 1991[,] the earliest date we could pay you would be from March 27, 1990. Your application shows you were not in school then.

2. Furthermore, the law permits no payment of Dependents Educational Assistance Program (Chapter 35) benefits for a period of enrollment after age 31. Your application shows you were 31 years of age on April 13, 1986.

R. at 30. He filed a Notice of Disagreement to that decision in May 1991. R. at 32, 35. In his substantive appeal to the Board, the appellant argued that his father had died when he was 25 years old, and that he had filed his application for DEA within one year of receiving notice that his father's death had been determined to be service connected. R. at 47. He also argued that, while he is currently older than 31 years old, he is asking for DEA for education he received between the ages of 25 and 30, and he pointed out that it had taken VA eleven years to grant service connection for his father's death, a fact which was the primary cause of his delay in requesting DEA benefits. R. at 47–48. The Board's decision on appeal followed.

In its decision, the BVA noted that basic eligibility for chapter 35 benefits can be established in several ways. R. at 6. Here, the appellant's basic eligibility for chapter 35 benefits was established in the June 1, 1990, rating decision which granted service connection for the veteran's death. R. at 6. Under the regulations, the beginning date of chapter 35 benefits cannot be more than one year prior to receipt of the application. R. at 6;

*see* 38 C.F.R. § 21.4131(a). On the date that VA received the appellant's application for DEA benefits, he had been graduated from law school for almost seven years, and was therefore disqualified from receiving educational assistance under § 21.4131(a). Alternatively, the BVA determined that the appellant no longer had basic eligibility because he was older than 31 at the time of filing. The Board concluded that the appellant's argument, asserting that he could not have applied for chapter 35 benefits until his basic eligibility was established, was incorrect because VA would not have refused his application while the claim for service connection for his father's death was pending. R. at 7. The BVA also made note of the appellant's arguments that the period of eligibility for DEA benefits for him had come and gone because VA had taken an inordinate amount of time to award service connection for his father's death, and that if VA is permitted to rely on the filing requirement of 38 C.F.R. § 21.4131(a), VA could effectively deny many dependents their benefits by not adjudicating claims in a timely manner. R. at 7. In response, the Board stated it

> recognize[d] that the VA's delay in adjudicating the veteran's claim for service connection for leukemia and in determining whether service connection for the cause of death was appropriate, was substantial and unfortunate. However, the Board is required to apply the law and regulations when reviewing an appeal. Under 38 C.F.R. § 21.4131(a) (1992), the VA cannot award educational assistance benefits for a period of enrollment prior to one year before the receipt of the application. As unfortunate as the result is in this case, there is no statutory or regulatory provision on which the appellant's claim could be granted.

R. at 7.

## II. ANALYSIS

### A. Statutory Language

The Court notes that the express purpose of DEA under chapter 35 is to provide opportunities for education to children whose education would otherwise be impeded or interrupted by reason of the disability or death of a parent from a disease or injury incurred or aggravated in the Armed Forces ... and for the purpose of aiding such children in attaining the educational status which they might normally have aspired to and obtained but for the disability or death of such parent.

38 U.S.C. § 3500. "Statutory interpretation begins with the language of the statute." *Texas Instruments v. U.S. Int'l Trade Comm'n,* 988 F.2d 1165, 1180 (Fed.Cir.1993); *see M.A. Mortenson Co. v. United States,* 996 F.2d 1177, 1181 (Fed.Cir.1993). And it may very well end with the statutory language when that language is clear and unambiguous on its face. *See Gardner v. Derwinski,* 1 Vet.App. 584 (1991), *aff'd,* 5 F.3d 1456 (Fed. Cir.1993), *aff'd,* —— U.S. ——, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994). "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984).

■ The appellant graduated from law school in 1984. Almost seven years later, he applied for retroactive benefits that were established to assist offspring in obtaining an education that they might have achieved "but for the disability or death of" their veteran parent. 38 U.S.C. § 3500. The appellant's education was not "impeded" or "interrupted" by VA's delay in granting service connection for his father's death, as is evidenced by his degree. *Ibid.* There is no indication in the record that the appellant began his law school education expecting that VA would reimburse him for the associated expenses. Indeed, the appellant never once communicated to VA that such was his intent. His first correspondence with VA was almost seven years after his law school graduation and more than ten years after his father's death. While the appellant asserts that this delay was due to VA's untimely adjudication of the underlying claim which granted service connection for the veteran's cause of death, such delay will not excuse the appellant's untimely pursuit of the benefits sought. *Cf. Wells v. Principi,* 3 Vet.App. 307 (1992) (determining

that the Secretary was not required to award an increase in DIC benefits before an application for such benefits was submitted). While the appellant asserts, and the Secretary agrees, that the appellant met the statute's eligibility requirements while he was in law school, the Court holds that, by not submitting an application during that period of eligibility, no award of benefits can be granted *now*, many years past the date of eligibility. To hold otherwise would conflict with the express intent of the statute. 38 U.S.C. § 3500.

### B. Application Requirement

█ Notwithstanding the previous discussion, as an indulgence to the appellant we now turn to his arguments, primarily that the untimely filing of an application for benefits should not bear on the outcome of his claim. Pursuant to 38 U.S.C. § 5110(a), the effective date of an award based on an original claim for benefits "shall not be earlier than the date of receipt of application therefore." Additionally, 38 U.S.C. § 5101(a) provides that "[a] specific claim in the form prescribed by the Secretary ... must be filed in order for benefits to be paid or furnished to any individual...." As this Court has previously noted, "[b]oth these statutes clearly establish that an application must be filed." *Crawford v. Brown*, 5 Vet.App. 33, 35 (1993); *see Wells*, 3 Vet.App. at 309.

With regard to effective dates for educational benefits, however, the Secretary is under an affirmative statutory duty to achieve harmony with the effective dates of compensation or pension awards "to the extent feasible." 38 U.S.C. § 5113(a) ("Effective dates relating to awards under chapters 30, 31, 32, 34, and 35 of this title or chapter 106 of title 10 shall, to the extent feasible, correspond to effective dates relating to awards of disability compensation."); *see Bernier v. Brown*, 7 Vet.App. 434 (1995).

In *Bernier, supra*, the appellant had filed for service connection in 1988. While waiting for that claim to be granted, he applied for and received benefits under chapter 30, for which there is no prerequisite service-connected disability. Service connection was not granted until 1991, at which time he applied for the difference between what he would have received under chapter 31, and what he had received under chapter 30. This Court analyzed the "to the extent feasible" language of § 5113(a), and determined that the Secretary was required to reimburse Mr. Bernier the difference between what he received under chapter 30 benefits, and what he would have received under chapter 31. Holding that the Secretary erred in refusing the appellant's claim, the Court stated:

> [T]he appellant is not seeking concurrent, or duplicate, benefits for his period of schooling.... Rather, he wants to "collect[ ] the difference due between [c]hapter 30 and [c]hapter 31" for that period.... Thus, he is seeking only the opportunity to choose between two educational programs for his period of schooling from January 1989 to April 1, 1991, both of which he was qualified for. It is true that his eligibility for chapter 31 benefits was not determined until April 1991, but that delay was a result of VA's belated grant of his claim for service connection. For this reason, even if we were to interpret § 5113(a) as the Secretary urges us to, the statutory limitation would have no effect in this case. To the extent that the regulation would impose such a limit, it is inconsistent with the statute.

*Bernier*, 7 Vet.App. at 437–38 (1995). Under the particular facts of that case, the Court held that it was "feasible" for the Secretary "to calculate the difference between the financial benefits to which Mr. Bernier became retroactively entitled under chapter 31 and those he had previously received under chapter 30." *Ibid.*

The present case is distinguishable on several points. In *Bernier*, the appellant had educational benefit claims pending before VA during the entire period in question. There is no lack of evidence regarding his intent to be reimbursed by VA, or to benefit from the educational programs for which he qualified. In the instant case, the appellant began and completed his educational endeavors without claiming assistance from VA. Indeed, he first claimed reimbursement from VA many years after his education was complete. Given the particular facts of this case, we hold that

section 5113(a) does not permit the Secretary to reimburse the appellant for his educational expenses incurred many years earlier without first putting VA on notice that such expectation existed, i.e., by filing an application.

### C.   Informal Claim

■ The appellant argues alternatively that his mother's application for DIC benefits should be construed as his "informal claim" for DEA benefits, and that therefore VA breached its duty to assist in not sending the appropriate forms. Section 3.155(a), of title 38 of the Code of Federal Regulations, defines the term "informal claim" as:

> Any communication or action, indicating an intent to apply for . . . benefits under the laws administered by the [VA], from a claimant . . . may be considered an informal claim. Such informal claim must identify the benefit sought. Upon receipt of an informal claim, if a formal claim has not been filed, an application form will be forwarded to the claimant for execution. If received within 1 year from the date it was sent to the claimant, it will be considered filed as of the date of receipt of the informal claim.

However, the chapter under which the appellant is seeking benefits instructs that, "[i]f an eligible person has attained the person's majority and is under no known legal disability, all references in this chapter to 'parent or guardian' shall refer to the eligible person." 38 U.S.C. § 3501(b). At the time of his father's death and his commencement of law school, the appellant was 25 years old; he had attained the age of majority. Therefore, it was the appellant's responsibility to file an application, not his mother's. 38 U.S.C. § 3513 ("The . . . eligible person . . . for whom educational assistance is sought under this chapter shall submit an application to the Secretary which shall be in such form and contain such information as the Secretary shall prescribe."). There is nothing in the relevant statutes, regulations, or case law to indicate that a widow's claim for DIC benefits should be construed as her adult son's informal claim for DEA benefits. *See Shields v. Brown*, 8 Vet.App. 346 (1995); *see* *also Quarles v. Derwinski*, 3 Vet.App. 129 (1992).

### D.   Duty to Assist

■ This Court is also unpersuaded by the appellant's argument that "[s]ince the Department was aware of several children, it became obligated to assist [the appellant's mother] with benefits available for those children." Appellant's Reply Brief (Br.) at 2. Under 38 U.S.C. § 7722(c), the Secretary is required to "distribute full information to eligible veterans and eligible dependents regarding all benefits and services to which they may be entitled under laws administered by [VA]." VA also owes "to the maximum extent possible, aid and assistance . . . to . . . eligible dependents . . . in the preparation and presentation of claims under laws administered by [VA]." 38 U.S.C. § 7722(d); *see Smith v. Derwinski*, 2 Vet.App. 429, 431–33 (1992). However, when the appellant's mother applied for DIC benefits, the veteran's death had not yet been found to be service connected. Therefore, neither the appellant nor his mother could have been an "eligible dependent" within the scope of the outreach provisions of 38 U.S.C. § 7722(c) or (d) at the time of her application for DIC benefits. *See also Thompson v. Brown*, 6 Vet.App. 436, 438 (1994) (since veteran's death was not service connected and since record did not show any other qualifying conditions under 38 U.S.C. § 3501(a)(1) at time of veteran's death, Secretary's duty under 38 U.S.C. § 7722(c) did not extend to veteran's widow). As a result, the Secretary was not obligated to furnish the appellant or his mother, at that time, the application forms for DEA benefits.

### E.   Equitable Relief

■ Finally, the Court notes that VA, although recognizing that its delay in adjudicating the veteran's claim for service connection for leukemia, did not choose to review the appellant's claim for DEA in light of 38 U.S.C. § 503(b), which states,

> If the Secretary determines that a veteran, surviving spouse, or child of a veteran, or other person has suffered loss as a consequence of reliance upon a determination by

the Department of eligibility or entitlement to benefits, without knowledge that it was erroneously made, the Secretary may provide such relief on account of such error as the Secretary determines is equitable, including the payment of moneys to any person whom the Secretary determines is equitably entitled to such moneys.

Because the authority to grant equitable relief is discretionary, it would be inappropriate for the Court to remand this matter on that ground. *See Owings v. Brown,* 8 Vet.App. 17, 23–24 (1995); *see also Suttmann v. Brown,* 5 Vet.App. 127, 138 (1993).

## III. CONCLUSION

Because the appellant is, as a matter of law, not entitled to chapter 35 benefits, the Board's decision is AFFIRMED.

KRAMER, Judge, concurring:

I concur in the result because I believe that 38 U.S.C. § 5110(a), which limits the effective date to a date not earlier than the receipt of application, governs the disposition here. Because the appellant's application was received in March 1991, he cannot be eligible for the cost of education prior to that date.

The majority attempts to distinguish the facts in this case from those in *Bernier v. Brown,* 7 Vet.App. 434 (1995), in which the Court held that because of the application of 38 U.S.C. § 5113(a), the appellant was entitled to retroactive benefits which predated the date of application. Section 5113(a), title 38, United States Code, provides that the "effective dates relating to awards under chapters 30, 31, 32, 34, and 35 of this title or chapter 106 of title 10 shall, to the extent feasible, correspond to effective dates relating to awards of disability compensation." Here, the majority quotes *Bernier* with approval, in essence, for the proposition that if an application for educational benefits is filed after the filing of a claim for service connection which is ultimately granted, it is "feasible" and therefore mandatory that the effective date for education benefits be the date of filing of the claim for service connection. Application of that rule to this case would require an award of retroactive benefits to this appellant. The majority attempts to distinguish this case from *Bernier* by suggesting, however, that here an earlier claim for educational benefits had never been filed. However, in *Bernier* the earlier claim was for a different educational benefit than that which was awarded retroactively. Even more important, what was dispositive in *Bernier,* as quoted by the majority, was not an earlier claim for educational benefits, but an earlier claim for service connection. *Bernier,* 7 Vet.App. at 438. "[D]elay was a result of VA's belated grant of his claim for service connection." *Ibid.* In this case, a claim for service connection had been filed long before the appellant received the education for which he now seeks reimbursement. That claim was, in essence, granted when the appellant's mother was awarded DIC, an award which postdated the appellant's education and shortly after which, the appellant applied for educational benefits. *Bernier* made clear that where it is impossible to file for a benefit because a precondition of that benefit (i.e. service connection) had not been met, the provisions of 38 U.S.C. § 5110(a) are not applicable, at least where the appellant filed for the benefit soon after an award of service connection, the situation both here and in *Bernier.*

The lack of distinction between *Bernier* and this case notwithstanding, I concur because I believe *Bernier* was wrongly decided because of its misconstruction of 38 U.S.C. § 5113(a). *Bernier* construed this section so as to tie an effective date for an educational benefit to the effective date of an award of service connection. However, section 5113(a) is generic, not individualized to the relationship between service connection and educational benefits in a particular case. Section 5113(a) speaks in the plural to provide that "effective dates" for educational benefits "to the extent feasible, correspond to effective dates relating to awards of disability compensation." Section 5110(a), title 38, United States Code, deals with generic effective dates for compensation, DIC, and pension. The only effect section 5113(a) has is simply to provide that, to the extent feasible, the same effective date template governs educational benefits as governs awards of com-

pensation, DIC, and pension. This construction is supported by the legislative history. 1957 U.S.C.C.A.N. 1245, 1253. (Mandatory application of compensation effective date provision to educational benefits not required where circumstances dictate some variance is needed.) In other words, the effect of section 5113(a) is to provide that the effective date for educational benefits is to be determined by using, to the extent feasible, the same rules as those provided for in section 5110(a). Contrary to the majority's and *Bernier's* view, section 5113(a) does not provide that the effective date for educational benefits is to be determined by the use of another date, i.e. the date of service connection. Thus, the effective date of the appellant's educational benefit is determined by section 5110(a) and that in turn provides that the effective date cannot be earlier than the date of receipt of application.