# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 07-0790

DENISE LORETH, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued August 13, 2009        Decided September 29, 2009)

*Judy J. Donegan*, of Northville, Michigan, with whom *Michael R. Viterna*, of Northville, Michigan, was on the brief for the appellant.

*Michael A. Carr*, with whom *Paul J. Hutter*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Joan E. Moriarty*, Deputy Assistant General Counsel, all of Washington D.C., were on the brief for the appellee.

Before HAGEL, MOORMAN and DAVIS, *Judges*.

MOORMAN, *Judge*:  Denise Loreth appeals a November 15, 2006, decision of the Board of Veterans' Appeals (Board) that denied entitlement to payment or reimbursement for medical expenses incurred in connection with private transportation of her late husband, William Loreth, provided by Lifeline Air Ambulance from Antelope Valley Hospital in California to Carle Clinic Hospital in Illinois on December 12, 2000.  For the reasons set forth below, the Court will vacate the Board's November 2006 decision and remand the matter for further proceedings consistent with this opinion.


## I.  FACTS

The veteran, William E. Loreth, had active duty service in the U.S. Air Force from January 1952 to August 1965.  Record (R.) at 65.  In November 2000, while vacationing in California, the veteran suffered a seizure and cardiac event that left him in a persistent vegetative state.  R. at 14. He was first admitted to a private hospital in California for this condition on November 26, 2000,

and then transferred to a private hospital in Illinois, his home state, on December 12, 2000. R. at 95-96. The veteran was moved from California to Illinois by a private air ambulance service, the $11,622 cost of which was paid by wire transfer on December 8, 2000. R. at 88-89. VA later received an undated claim signed by Denise Loreth, who indicated that she was the wife and guardian of the veteran, for the payment of $11,622. R. at 84; *see* R. at 348-49 (Sept. 2004 Statement of the Case (SOC) noting that claim was received by VA on October 25, 2002). This claim was denied in November 2002. R. at 260. The denial letter was addressed to the veteran and stated that "[c]are and services were not rendered in a medical emergency of such nature that delay would have been hazardous to life or health." *Id.* VA received a Notice of Disagreement (NOD) in December 2002, in which Ms. Loreth stated that "[a]s spouse-payee for the veteran, I wish to file a[n NOD] to your recent decision concerning the denial of payment of transportation expenses." R. at 280. In a June 2004 statement, Ms. Loreth stated: "As Legal Custodian and Spouse-Payee of the veteran, I wish to state that the AmVets represent him in these matters." R. at 312 (emphasis in original). An SOC was issued in September 2004, and the letter accompanying it was addressed to Ms. Loreth. R. at 345-53. Ms. Loreth filed a Substantive Appeal in November 2004, identifying herself as the "Spouse Payee/Guardian of the Veteran." R. at 355-56.

The veteran died on February 17, 2005. R. at 374. An April 2005 rating decision granted service connection for the veteran's cause of death. R. at 374-76.

In the November 2006 decision on appeal, the Board denied entitlement to payment or reimbursement for medical expenses incurred in connection with private transportation of the veteran from the private hospital in California to the private hospital in Illinois. R. at 1-10. The title page of the Board's decision lists Ms. Loreth as the appellant and as "spouse-payee." R. at 1. The Board explained in the introductory portion of the decision that VA had determined that the veteran was incompetent in a September 2002 rating decision. R. at 2. The decision did not mention Mr. Loreth's death.

## II. ANALYSIS

### A. Jurisdiction

As a preliminary matter, there is a dispute in this case over whether the Board had jurisdiction over the claim for reimbursement. The Secretary argues that it was the veteran, not the

appellant, who was the claimant in the November 2002 VA medical center decision from which this appeal derives. Therefore, because the veteran died before the Board issued a decision, the Secretary argues that the November 2006 decision should be vacated as a nullity, and the present appeal should be dismissed. Secretary's Brief (Sec. Br.) at 14. The appellant argues that the veteran's death has no bearing on this appeal because she, as third-party payee, has an action in her own right and that action is presently and properly before the Court. Appellant's Brief (App. Br.) at 5.

Section 7104 of title 38, U.S. Code, provides that the Board has jurisdiction over "[a]ll questions in a matter which under section 511(a) of this title is subject to a decision by the Secretary." Pursuant to the implementing regulations of section 7104, "[a]n appeal pending before the Board of Veterans' Appeals when the appellant dies will be dismissed." 38 C.F.R. § 20.1302 (2009). Review of the regulatory history of 38 C.F.R. § 20.1302 shows that its current language stems from an amendment in 1997 to reflect this Court's holdings in *Landicho v. Brown*, 7 Vet.App. 42, 54 (1994), and *Smith v. Brown,* 10 Vet.App. 330, 333 (1997). *See* 62 Fed. Reg. 55,169 (Oct. 23, 1997). In *Landicho*, this Court held that when a veteran dies during the pendency of an appeal before this Court of the Board's denial of his claim for disability compensation under chapter 11 of title 38, U.S. Code, the Board decision on appeal is rendered nonfinal by the filing of the appeal in this Court and becomes a nullity. The Court considered the statutory scheme and specific provisions of chapters 11, 13, and 51 of title 38, U.S. Code, and concluded that such a scheme "creates a chapter 11 disability[-]compensation benefit that does not survive the eligible veteran's death" and dies with the veteran. *Landicho*, 7 Vet.App. at 47, 52; *see also Smith*, 10 Vet.App. at 335. Thus, the Court found that the proper remedy under such circumstances was to vacate the underlying Board decision and dismiss the appeal for lack of jurisdiction. *Id.* at 54; *see also Zevalkink v. Brown*, 102 F.3d 1236, 1243-44 (Fed. Cir.1996) (expressly agreeing with this Court's *Landicho* holding).[1] The Court noted that such action ensures that the Board decision and the underlying regional office

---

[1] Subsequent caselaw has clarified that vacatur of the Board decision and dismissal of the appeal under *Landicho* are not appropriate if there is an appropriate substitution by a qualified accrued-benefits claimant. *See generally Hyatt v. Shinseki*, 566 F.3d 1364 (Fed. Cir. 2009) (discussing substitution); *Padgett v. Nicholson*, 473 F.3d 1364, 1366 (Fed. Cir.2007); *Pekular v. Mansfield*, 21 Vet.App. 495, 505 (2007); *see also* 38 U.S.C. § 5121A(a)(1) (2008) (added by Pub. L. No. 110-389, Title II, Subtitle A, § 212(a), 122 Stat. 4151 (Oct. 10, 2008)) (providing for substitution where claimant died on or after October 10, 2008).

(RO) decision(s) would have no preclusive effect in the adjudication of any future accrued benefits claims derived from the veteran's entitlements. Such action also nullifies the merits adjudication by the RO because that decision was subsumed in the Board decision. *See Yoma v. Brown*, 8 Vet.App. 298 (1995).

In *Smith*, this Court held that when a veteran dies while his or her appeal relating to a VA disability compensation claim is pending before the Board, the Board lacks jurisdiction to issue a decision on the merits after the death, a subsequently issued Board decision is not a final decision subject to appeal, and the Court accordingly lacks jurisdiction over an appeal from that decision that is filed by the surviving spouse. *See Smith*, 10 Vet.App. at 334.

However, while the Court's holdings in *Landicho* and *Smith* were clearly limited to claims for disability compensation, 38 C.F.R. § 20.1302 contains no such limitation. Rather, § 20.1302 broadly states that "[a]n appeal pending before the Board of Veterans' Appeals when the appellant dies will be dismissed." The rationale behind this broadening of the Court's holdings was that VA could "find no meaningful distinction between claims for disability compensation and claims for other benefits which would reach the Board with respect to survivability." 62 Fed. Reg. 55,169. The Agency noted that in *Landicho,* this Court "found that Congress established a procedure, under the 'accrued benefits' provisions of 38 U.S.C. § 5121, for a qualified survivor to carry on, to a limited extent, a deceased veteran's disability compensation claim." *Id.* The Agency further observed that "the law provides these same 'accrued benefit' rights to the same qualified survivors of all payees who die entitled to *periodic benefits* which remain unpaid." *Id.* (emphasis added); *see* 38 U.S.C. § 5121 (describing who is eligible for the payment of "periodic monetary benefits" upon the death of a beneficiary). This case clearly illustrates the flaw in this reasoning, as it involves a claim of entitlement to a single fixed payment, rather than periodic payments, and is therefore not subject to the accrued benefits rules created by 38 U.S.C. § 5121.

While the overreach of § 20.1302 is troubling, it is not outcome determinative in this case because the Court holds that the appellant properly brought this claim in her dual capacity as the guardian of the veteran and a third-party payee. In its decision, the Board expressly identified Ms. Loreth as the appellant, stating: "The veteran was determined by the Department of Veterans Affairs (VA) to be incompetent in a September 2002 rating decision. The appellant is his spouse payee." R. at 2. In addition, the appellant as "spouse-payee" filed the NOD concerning the RO

4

denial of reimbursement. R. at 337. Furthermore, line 1A of the VA Form 1-8 Certification of Appeal, which asks for "NAME OF APPELLANT*(if other than veteran)*," identifies only "Denise Loreth." R. at 369. As a matter of law, the Court finds no error in the Board's treatment of Ms. Loreth as the appellant with respect to the claim of reimbursement because 38 U.S.C. § 1728 authorizes the Secretary to "make payment of the reasonable value of emergency treatment directly" to a person or organization who makes such expenditure on behalf of a veteran. 38 U.S.C. § 1728(b). Furthermore, 38 C.F.R. § 17.123 provides that claims for "reimbursement of services not previously authorized may be filed by the veteran who received the services (or his/her guardian) or by the hospital, clinic, or community resource which provided the services, or by a person other than the veteran who paid for the services." In this case, at the time she filed her claim, the appellant was both the guardian of the veteran who received the services and a person whose name is included on the wire transfer of funds that paid for the services, and as spouse-payee, she filed an NOD and pursued an appeal of the RO's denial of reimbursement. R. at 88. Accordingly, the Court holds that the Board did not err in exercising jurisdiction over the appellant's claim, and the Court has jurisdiction to consider this matter. *See Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998) ("[T]he [C]ourt's jurisdiction is premised on and defined by the Board's decision concerning the matter being appealed." (citing 38 U.S.C. § 7252(b))).

## B. Claim for Reimbursement

With respect to the merits of her claim for reimbursement, the appellant argues that the Board erred in failing to discuss two relevant provisions of law: 38 U.S.C. § 1725 and 38 C.F.R. § 17.145 (2009). App. Br. at 6-7. The Secretary concedes that the Board did not discuss 38 C.F.R. § 17.145, but argues that this was a harmless error because "the Board made an affirmative finding that the veteran's 'medical condition did not necessitate the move.'" Sec. Br. at 19 (citing R. at 8).

When the appellant submitted her claim for reimbursement in October 2002, 38 C.F.R. § 17.143 (2002) provided that transportation at Government expense "shall be authorized" for

> (2) A veteran or other person traveling by a specialized mode of transportation such as an ambulance, ambulette, air ambulance, wheelchair van, or other vehicle specially designed to transport disabled individuals provided:
> > (i) A physician determines that the special mode of travel is medically required;
> > (ii) The person is unable to defray the expenses of the travel; and
> > (iii) The travel is authorized in advance or was undertaken in connection with

a medical emergency such that delay to obtain authorization would be hazardous to the person's life or health.

38 C.F.R. § 17.143(c)(2)(i-iii). Section 17.145, title 38 of the Code of Federal Regulations, provided that expenses for travel performed under §17.143(a) without prior authorization may be reimbursed if "there was a need for prompt medical care which was approved," and "[t]here was a justifiable lack of knowledge on the part of a third party acting for the veteran that a request for prior authorization was necessary." 38 C.F.R. § 17.145(a) (2002). Both § 17.143 and § 17.145 have been eliminated from the current regulations, which now state that payment for travel that includes a "special mode of transportation," such as an air ambulance, will be approved if the travel was approved "prior to travel in the special mode of transportation or the travel was undertaken in connection with a medical emergency." 38 C.F.R. § 70.4 (d) (2009); *see* 73 Fed. Reg. 36,796 (June 30, 2008) (providing for effective date of July 30, 2008).

At the time of the veteran's move from California to Illinois via air ambulance, he was receiving VA-approved medical care in a private hospital. The record is unclear as to what information the appellant received from VA as she was assessing her options for the ongoing treatment of the veteran. One document in the record indicates that the appellant was told by a VA employee that if she could get the veteran transferred from the private hospital in California to a VA facility, that the Danville, Illinois, VA facility would then "work with them on getting him to our [Illinois VA] facility." R. at 282. Given these facts, it seems clear that the appellant was a third party who acted on behalf of the veteran, and who arranged for transport of the veteran with what could qualify under 38 C.F.R. § 17.145 as a "justifiable lack of knowledge" that prior authorization was necessary. To determine whether the appellant meets all the requirements for reimbursement under § 17.145 requires an application of law to fact. However, the Court does not have before it sufficient factual findings by the Board to reach a decision. Further, because the Board did not discuss 38 C.F.R. § 17.145, the Board failed to consider all applicable laws and regulations in arriving at its decision. *See* 38 U.S.C. § 7104(a), (d)(1) (providing that decisions of the Board shall be based on applicable provisions of law and regulation and that the Board shall provide a written statement of reasons or bases for its conclusions); *Schafrath v. Derwinski*, 1 Vet.App. 589, 592-93 (1991) (stating that the Board must consider and discuss all applicable provisions of law and

6

regulation where they are made "potentially applicable through the assertions and issues raised in the record"). Therefore, remand is required for the Board to address the applicability of 38 C.F.R. § 17.145 (2002), and the relationship of that regulation, if any, to 38 C.F.R. § 17.143 (2002), and to make such factual determinations as may be required in order to address 38 C.F.R. § 17.145 as it existed at the relevant time. Additionally, the appellant may present any additional evidence and argument in support of this matter, and the Board must consider any evidence and argument so presented. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). This matter is to be provided expeditious treatment on remand. *See* 38 U.S.C. § 7112.

## C. Equitable Relief

On appeal before the Board, the appellant requested that the Secretary consider granting her equitable relief pursuant to 38 U.S.C. § 503. And, in November 2006, the Board referred that request to the RO for further action. On August 13, 2009, the Court issued an order directing the Secretary to file a statement attesting to what action, if any, had been taken as to the appellant's request for equitable relief. On August 27, 2009, the Secretary filed a response advising the Court that he had alerted the Office of the Chief of Staff, Veterans Health Administration, of the pending request for equitable relief. A copy of the appellant's VA Form 9, on which she had made her request, was subsequently delivered to that office for consideration. By letter dated August 20, 2009, the chief business officer of the Veterans Health Administration informed the appellant that her request for equitable relief would not be forwarded to the Secretary because he would not have authority to grant it. The letter explained that under section 503, the Secretary may grant equitable relief in only two situations, neither of which the chief business officer found present in the appellant's case.[2] The Secretary's authority to grant equitable relief under section 503 is wholly within the Secretary's discretion, and the Court lacks jurisdiction even to review the exercise of the Secretary's equity discretion. *Zimick v. West*, 11 Vet.App. 45, 50-51 (1998). Since the authority to grant equitable relief is discretionary, the Court will not remand a matter on that ground. *Erspamer v. Brown*, 9 Vet.App. 507, 512 (1996). The Court also does not have the power to compel the Secretary to exercise his authority to grant equitable relief. *Zimick*, 11 Vet.App. at 50-51.

---

[2] The parties have not raised nor does this Court address the question of whether the Secretary's exclusive authority to grant equitable relief pursuant to 38 U.S.C. § 503 and 38 C.F.R. § 2.7 (2009) necessarily connotes that the authority to deny such relief also belongs exclusively to the Secretary.

## III. CONCLUSION

After consideration of the appellant's and the Secretary's pleadings, and a review of the record, the Board's November 15, 2006, decision denying entitlement to payment or reimbursement for medical expenses incurred in connection with private transportation of the veteran from California to Illinois is VACATED and the matter is REMANDED for further adjudication consistent with this opinion.